Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Rhoda M. Tyson, Widow of Raymond A. Tyson, deceased, Appellees, *v.* Adley Express Co. and Travelers Insurance Co., Insurance Carrier, Appellants.

Argued March 6, 1975, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Joseph J. Murphy*, with him *Murphy, Murphy & Murphy*, for appellants.

*Gerald J. Haas*, with him *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE BLATT, July 14, 1975:

In this Workmen's Compensation appeal, the employer, Adley Express Co., and its insurance carrier, Travelers Insurance Co. (appellants) allege that the referee capriciously disregarded competent evidence in awarding death benefits to Mrs. Rhoda M. Tyson, the claimant.

On April 10, 1967 Raymond A. Tyson, the claimant's deceased husband, was injured when he fell from a forklift truck which he was operating in the course of his em-

ployment. As a result of the fall he sustained injuries to his head and left leg and he was immediately taken to a hospital. He died eight days later as a direct result of a cerebral vascular accident (stroke) and a myocardial infarction (heart attack). The referee found that both the stroke and heart attack were causally related to the fall, a work-related accident under the Workmen's Compensation Act.[1] The claimant was, therefore, awarded death benefits. The Workmen's Compensation Appeal Board (Board) affirmed and this appeal followed.

In a workmen's compensation case where the referee has found in favor of the party bearing the burden of proof and the Board has affirmed without taking additional evidence, our review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or necessary findings of fact were supported by sufficient competent evidence. *Leroy Roofing Company v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 396, 327 A.2d 876 (1974). It is when the Board has found against the party bearing the burden of proof that we review to determine whether or not the findings can be sustained without a capricious disregard of competent evidence. *Ney v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 381, 327 A.2d 402 (1974). Inasmuch as the referee here found for the claimant, the party bearing the burden of proof, we must review the record to see whether or not the referee's finding that the death was causally related to the fall was supported by sufficient competent evidence. We believe that it was.

Dr. Frank Glauser, a board certified pathologist, appeared and testified on behalf of the claimant to the effect that there were changes in the decedent's brain compatible with a clinical trauma to the head. He concluded that

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

the blow to the decedent's head sustained in his fall produced spasms of the blood vessels which dislodged plaque from their walls causing a vessel blockage resulting in paralysis and death. He based his testimony upon hospital records and a postmortem report made after an autopsy was performed upon the decedent, and such records, we believe, clearly provided a competent base for the testimony offered. *Scannella v. Salerno Importing Company*, 2 Pa. Commonwealth Ct. 11, 275 A.2d 907 (1971). The employer, on the other hand offered the testimony of Dr. M. E. Aaronson, a forensic pathologist, who performed the postmortem examination of the decedent and who testified that the trauma did not cause the death. It is well settled, of course, that the positive testimony of a qualified expert pathologist that an employment injury is related to an employee's death is sufficient to support a finding of such causation by the referee in spite of contradictory testimony by other equally competent witnesses. *Allied Chemical Corporation v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 195, 325 A.2d 482 (1974). It is the function of the fact finder to select between conflicting medical testimony, and the referee performed this function here.

We, therefore, enter the following

### ORDER

AND NOW, this 14th day of July, 1975, the award of the Workmen's Compensation Appeal Board is affirmed and the appeal by the Adley Express Co. and/or the Travelers Insurance Co. is hereby dismissed. Said appellants are ordered to pay to the claimant, Rhoda M. Tyson, death compensation for herself and her four dependent children at the rate of $52.50 per week from April 18, 1967 to June 20, 1967, on which date minor child, Leonard Raymond Tyson, shall have attained the age of 18 years; thereafter to pay compensation at the rate of $52.50 per week until November 13, 1969 on which

date minor child, William Raymond Tyson, shall have attained the age of 18 years; thereafter to pay compensation at the rate of $47.50 per week until February 8, 1973, on which date minor child, Diane Joyce Tyson, shall have attained the age of 18 years; thereafter to pay compensation at the rate of $40.50 per week until November 15, 1976 at which time 500 weeks from April 18, 1967 shall expire; thereafter to pay compensation at the rate of $16.00 per week until October 10, 1983 as benefits payable for Joseph C. Taylor, for whom the claimant is in loco parentis.

It is further ordered that the Adley Express Co. and/or Travelers Insurance Co. shall reimburse the claimant the sum of $750.00 for burial expenses of the decedent, the maximum allowed under the Act.

The above award is to bear interest at the rate of 6% per annum on all deferred payments of compensation in accordance with the provisions of the Workmen's Compensation Act.