Commonwealth of Pennsylvania, Appellant *v.* Ernest Merrill, Appellee.

Argued May 5, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Sandra S. Christianson,* Assistant Attorney General, with her *David A. Ody,* Assistant Attorney General, for appellant.

*C. Jerome Moschetta,* for appellee.

OPINION BY JUDGE BLATT, October 3, 1978:

The Commonwealth of Pennsylvania appeals from an order of the Court of Common Pleas of Fayette County upholding an award of total disability benefits under The Pennsylvania Occupational Disease Act[1] (Act) to Ernest Merrill (claimant) by the Workmen's Compensation Appeal Board (Board).

The claimant had worked in the mines for approximately sixteen years until 1955 when both his legs were amputated because of severe gangrene. The record is not clear as to whether or not a claim was ever filed regarding this injury under The Pennsylvania Work-

---

[1] Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq.

men's Compensation Act as then in effect.[2] But, in October of 1973, a claim petition was filed under Section 301(i), 71 P.S. §1401(i), of the Occupational Disease Act and the claimant was granted benefits by a referee on the basis of total disability due to coal worker's pneumoconiosis. The Commonwealth appealed to the Board and argued that the referee's findings of fact and conclusions of law were not supported by the weight of the evidence. The Board dismissed the appeal, and the lower court affirmed the Board's decision. This appeal followed.

The Commonwealth argues that the claimant's medical evidence was legally insufficient to establish that he was totally disabled because of a compensable, as distinguished from a noncompensable, pulmonary disease.[3] The claimant argues that the evidence was legally sufficient and alternatively argues that this issue may not be considered by us because the Commonwealth failed to raise it below before the referee or in its appeal to the Board. The thrust of the Commonwealth's argument appears to be merely that the claimant was precluded from receiving total disability benefits as the result of an occupational disease because he was already totally disabled due to his 1955 double leg amputation,[4] and we find no record of any

---

[2] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1 et seq.

[3] The Commonwealth's argument is essentially that the claim is related to a noncompensable pulmonary disease as well as to pneumoconiosis and, inasmuch as there was arguably no evidence that a compensable disease alone caused his disability, the claimant is not entitled to receive compensation under Section 301(i) of the Act.

[4] In the Commonwealth's appeal from the referee's adjudication, it alleged that "Finding of Fact No. 4, is not supported by the weight of the evidence" and that the claimant's "disability was the result of his double leg amputation occurring in October 1955 at which time he stopped work and has not worked since." This finding of fact was as follows:

objection concerning the issue of the "noncompensability" of the pulmonary disease upon which the award was based. That issue, therefore, is not before us. *United States Steel Corporation v. Simon,* 9 Pa. Commonwealth Ct. 281, 305 A.2d 913 (1973).

The only issue to be decided here is whether or not the claimant's pre-existing disability, his leg amputations, precluded him as a matter of law from being considered as having been totally disabled by a subsequent occupational disease which in and of itself constituted a total disability. Our Superior Court has held that when there may be two distinct causes of a claimant's total disability, *i.e.* where either cause alone would be totally disabling, the presence of a cause for which the employer may not be liable does not relieve

---

4. That the claimant became totally and permanently disabled on October 30, 1973 due to coal worker's pneumoconiosis as a result of his exposure to a (coal dust) hazard in the Commonwealth of Pennsylvania for a period of at least two years preceding the date of disability.

The Commonwealth in its exceptions and appeal from the Board's order stated that the Board erred in affirming the referee's award because:

1. [C]laimant was already totally and permanently disabled due to a double amputation of his legs, rather than by a compensable disease.
2. [C]laimant has not worked since 1955 when his legs were amputated because of blood poisoning and he began receiving social security benefits for total permanent disability thereafter.
3. [V]entilation studies submitted by Claimant's physician are insufficient for interpretations, while Commonwealth ventilation studies indicate generally normal values.
4. [C]laimant's pre-existing total permanent disability precludes any later disability due to an occupational disease.

Section 427 of the Act formerly required the written filed exceptions to the Court of Common Pleas from the action of the Board to specify the findings of fact which the appellant felt were unsupported by sufficient competent evidence. 77 P.S. §874.

the employer of liability for the other cause. *Dobash v. Jeddo-Highland Coal Co.,* 141 Pa. Superior Ct. 62, 14 A.2d 842 (1940); *see Kieffer v. Kieffer,* 64 Sch. L.R. 57 (1967). We believe, therefore, that although the claimant's leg amputations may have constituted a total disability,[5] this would not preclude a later award of total disability based upon an occupational disease, which itself would also be totally disabling. The medical evidence here clearly indicated that the claimant "would be totally and permanently disabled on the pulmonary basis ... even if there were no musculo-skeletal disorder."

The order of the lower court affirming the award of compensation is affirmed.

### Order

And Now, this 3rd day of October, 1978, the order of the Court of Common Pleas of Fayette County on the above-captioned matter is hereby affirmed.

---

[5] We note that a double amputation is not necessarily evidence that a claimant was totally disabled under The Pennsylvania Workmen's Compensation Act. *Symons v. National Electric Products, Inc.,* 414 Pa. 505, 200 A.2d 871 (1964).