Jandy Coal Co., Inc. and Old Republic Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Commonwealth of Pennsylvania and John Chliek, Respondents.

Argued November 3, 1978, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Paul E. Sutter*, with him *George H. Thompson*, and *Hirsch, Weise & Tillman*, for petitioners.

*Timothy P. Creany*, for respondents.

OPINION BY JUDGE MACPHAIL, December 21, 1978:

This is an appeal by Jandy Coal Company, Inc. (Jandy) from an order of the Workmen's Compensation Appeal Board (Board) affirming an award of partial disability benefits to John Chliek (Claimant). We affirm.

Factually, Claimant worked underground in the coal mines for 36 years. On July 21, 1975, he filed a petition under Section 101 et seq., The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq., alleging that while employed by Jandy he became totally or partially disabled by coal workers' pneumoconiosis. Claimant's last date of employment was April 8, 1974. On April 9, 1974, Claimant entered a hospital where it was determined that he suffered from a severe heart ailment. Claimant's physician submitted a medical report dated September 30, 1974, that the Claimant was disabled by coal worker's pneumoconiosis and cardiac disease. His report also indicated that if Claimant had no heart disease, he would still be 30 to 35 percent disabled by pneumoconiosis. Claimant also introduced a hospital report dated May 13, 1975, to which was attached a cover letter from an outreach counselor at the hospital. The referee found that the Claimant's disability commenced May 13, 1975.

Jandy contends that there was not sufficient substantial competent evidence for the referee to find partial disability. It argues that the counselor's report would not be substantial evidence sufficient to support such a finding and points to the fact that the referee determined disability on precisely the same date as that of the report. Jandy assumes that the referee's decision is based solely upon that report. That argument fails to consider that prior to that re-

port there was substantial evidence in the Claimant's physician's report to support the referee's finding. It seems clear to us that the referee's finding of the date of disability concurrent with the date of the hospital report does not mean that the referee considered only that report, but, rather, that he considered that that report, together with the physician's report, cumulatively constituted sufficient substantial evidence of disability.

Jandy's other argument is that since the Claimant was already totally disabled by his heart ailment, the referee's finding of partial disability from coal worker's pneumoconiosis is non-compensable. That same issue was addressed and decided in *Commonwealth v. Merrill*, 38 Pa. Commonwealth Ct. 58, 391 A.2d 1132 (1978). In the *Merrill* case, the Claimant had suffered an amputation of both legs and the referee nevertheless found total disability due to coal worker's pneumoconiosis. The Court said:

We believe, therefore, that although the claimant's leg amputations may have constituted a total disability, this would not preclude a later award of total disability based upon an occupational disease, which itself would also be totally disabling. (Footnote omitted.)

Accordingly, we hold that the Claimant's partial disability here is compensable, notwithstanding the disabling heart disease.

For the foregoing reasons, we affirm the Board's order.

## ORDER

AND Now, this 21st day of December, 1978, the order of the Workmen's Compensation Appeal Board, dated October 20, 1977, is affirmed. It is ordered that judgment be entered in favor of John Chliek and

against Jandy Coal Co., Inc., and its insurance carrier, Old Republic Insurance Company, at the rate of $106.00 per week for the total duration of his partial disability beginning July 16, 1975, and continuing within the limitations of the Act. Fifty per centum (50%) of the said $106.00, or the sum of $53.00 to be paid by Old Republic Insurance Company and fifty per centum (50%) of the said $106.00, or the sum of $53.00, to be paid by the Commonwealth of Pennsylvania. Accrued compensation shall bear interest at the rate of ten per centum (10%) per annum.