Foseco, Inc. and Hartford Insurance Group, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Gilbert I. Jordan, Respondents.

Argued October 30, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Fred C. Trenor,* with him *Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioner.

*Anthony J. Kovach,* with him *Kovach & Kovach,* for respondent.

OPINION BY JUDGE CRUMLISH, JR., April 6, 1979:

Foseco, Inc. (Employer) and its insurance carrier appeal a decision of the Workmen's Compensation Appeal Board (Board) upholding a referee's award of benefits to Gilbert I. Jordan (Claimant).

Claimant was awarded benefits for permanent and total disability resulting from silicosis, an occupational disease set forth in Section 108(k) of The Pennsylvania Workmen's Compensation Act (Act).[1] The award of benefits is grounded in Section 301(c)(2) of the Act, 77 P.S. §411(2), which permits recovery for a disability which results in whole or in part from

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by the Act of October 17, 1972, P.L. 930, §1, 77 P.S. §27.1(k).

the employee's exposure in the course of his employment to the hazard of an occupational disease after June 30, 1973.[2]

Claimant worked in Employer's and Employer's predecessor's refractory from October 23, 1931 to October 15, 1973, in various capacities including brickmaker, dyemaker and maintenance mechanic. The referee heard testimony that silica sand was a component of the bricks Claimant made and the molds Claimant ground; that Claimant worked under dusty conditions; that silica was present on the site subsequent to June 30, 1973; and that Claimant was exposed to the silica subsequent to June 30, 1973. Claimant introduced medical testimony through Dr. J. D. Silverman to the effect that Claimant had suffered total and permanent disability as a result of silicosis which was caused by his total and cumulative exposure to silica and the referee so found, dating the compensable disability from September 18, 1974.

Employer does not dispute Claimant's disability but attributes it to a total and permanent heart disability that is not causally related to his employment and, hence, non-compensable under the Act. At the hearing, Employer introduced medical evidence that Claimant's disability was caused by a debilitating heart attack suffered on October 16, 1973, as a result

---

[2] There were two referee hearings on Claimant's petition. The first referee found that Claimant was disabled by anthraco-silicosis, awarded benefits under Section 305.1 of the Act, 77 P.S. §411.1, and divided liability for same between Employer and the Commonwealth of Pennsylvania. The Board considered exceptions filed by the Commonwealth, *inter alia*, to the assessment of liability under 305.1, vacated the referee's decision and remanded the case to a second referee for a full and complete new hearing. On remand, the referee dismissed the Commonwealth as a party-defendant and made the determination of Claimant's eligibility that is the subject of the instant appeal.

of which he could no longer work and for which he received Social Security[3] and union disability benefits. The referee did not make any findings as to the effect of Claimant's heart condition on his ability to work.

On appeal, Employer contends that Claimant's pre-existing total disability due to his cardiac condition as a matter of law bars a finding of a later disability caused by an occupational disease. We disagree.

Our Court addressed this same issue in *Commonwealth v. Merrill,* 38 Pa. Commonwealth Ct. 58, 391 A.2d 1132 (1978), wherein a claimant, who had not worked since 1955 when both his legs were amputated and who thereafter began receiving Social Security benefits for permanent and total disability, was nonetheless found to have been totally disabled by a subsequent occupational disease. The result is not a finding of an anomalous "more total" disability but a recognition that where there exist

> two distinct causes of a claimant's total disability, *i.e.,* where either cause alone would be totally disabling, the presence of a cause for which the employer may not be liable does not relieve the employer of liability for the other cause. (citations omitted) . . . [A]lthough the claimant's leg amputations may have constituted a total disability, this would not preclude a later award of total disability based upon an occupational disease, which itself would also be totally disabling. (Footnote omitted.)

*Commonwealth v. Merrill,* 38 Pa. Commonwealth Ct. at 61-2, 391 A.2d at 1133; *see also Jandy Coal Co. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 373, 395 A.2d 665 (1978).

---

[3] Social Security Act, §1 et seq., *as amended,* 42 U.S.C. §301 et seq.

Thus, Dr. Silverman's testimony that Claimant would be permanently and totally disabled by his occupational disease even in the absence of his other serious health problems is sufficient to support Employer's liability.

Employer's argument that the referee's findings are irrational because they do not include a reference to the medical evidence adduced by Employer is similarly without merit. Had the referee viewed Employer's medical testimony in its most favorable light and concluded that Claimant had indeed been totally disabled by his heart condition, such a finding would not be inconsistent with the referee's belief that the silicosis alone would be sufficient to bring about Claimant's total and permanent disability. *See Dobash v. Jeddo-Highland Coal Co.*, 141 Pa. Superior Ct. 62, 14 A.2d 842 (1940).

Accordingly, we

## Order

And Now, this 6th day of April, 1979, the order of the Workmen's Compensation Appeal Board in the above captioned matter dated September 22, 1977, is hereby affirmed. It is ordered that judgment be entered in favor of Gilbert I. Jordan and against Foseco, Inc., and/or its insurance carrier, with the latter to pay compensation at the rate of $100.00 weekly beginning on September 18, 1974.

Interest at the rate of ten percent (10%) per annum is awarded on any deferred payments.

Foseco, Inc., and/or its insurance carrier, shall pay directly to Anthony J. Kovach, Claimant's attorney, the sum of $3,000.00 out of the first lump sum amount due Claimant herein and to pay the balance thereof and all future weekly compensation benefits directly to Claimant.

Additionally, Foseco, Inc., and/or its insurance carrier, is directed to pay the sum of $348.41 to Anthony J. Kovach for costs incurred by him in his representation of Gilbert I. Jordan.