Republic Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Frank Troyak and Commonwealth of Pennsylvania, Respondents.

Republic Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Blaine Helman and Commonwealth of Pennsylvania, Respondents.

Argued October 30, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Edward A. McFarland*, with him *Ralph A. Davis* and *Thomson, Rhodes & Grigsby*, for petitioners.

*Benjamin L. Costello* and *Sandra S. Christianson*, Assistant Attorney General, with them, *J. Scott Leckie* and *Kenneth J. Yablonski*, for respondents.

OPINION BY JUDGE CRAIG, June 22, 1979:

Republic Steel Corporation (employer) appeals here from separate orders of the Workmen's Compensation Appeal Board (Board), awarding compensation for coal worker's pneumoconiosis to two former employees, Frank Troyak and Blaine Helman. Because both appeals raise the same issue of law, they were consolidated for argument. We affirm the Board in both cases.

Both claimants were awarded benefits for permanent and total disability resulting from coal worker's pneumoconiosis, an occupational disease set forth in Section 108(q) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(q) (Act). Recovery of benefits under the Act is authorized by Section 301(c)(2), 77 P.S. §411(2), when the disability "results in whole or in part from the employe's exposure to the hazard of occupational disease after June 30, 1973."

Claimant Troyak was employed as a coal miner by employer from 1940 until September 23, 1974, when he left his employment because of poor health. Shortly thereafter, Troyak was diagnosed to be suffering from arteriosclerotic heart disease, which all three doctors whose testimony was presented to the referee testified was totally disabling. However, the referee found that Troyak had become totally disabled from coal worker's pneumoconiosis on June 18, 1975, and awarded him benefits, pursuant to the Act. Employer appealed, and the Board affirmed the referee's award.

Claimant Helman worked as a coal miner from 1934 to August 31, 1973. After leaving his employment, Helman underwent coronary by-pass surgery, in February, 1974. However, the referee found that Helman became totally and permanently disabled on November 20, 1974 as a result of coal worker's pneumoconiosis on the basis of the testimony of an examining physician, and awarded benefits to Helman. Employer appealed to the Board, which upheld the referee's determination.

Employer appealed both decisions to this court. On appeal, the Commonwealth, although a named respondent, makes substantially the same argument as employer, because the Board ordered the payment of both

awards to be divided equally between employer and the Commonwealth.

The common issue in both appeals is whether a pre-existing disability, even if total, precludes a finding of a later total disability from occupational disease. We think not, and base our decision on *Foseco, Inc. v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 520, 399 A.2d 822 (1979), where we addressed the same issue raised here, and found, as we do today, that, notwithstanding a prior disability, a claimant can be awarded payments for total disability based upon an occupational disease, which would itself be totally disabling.

In the Helman appeal, employer additionally argues that the case should be remanded to the referee for clarification of his reasons for excluding certain materially relevant hospital records. The records in question related to Helman's hospitalization for his coronary by-pass surgery in February, 1974.

Even if the referee did exclude the hospital records, they were not material to the disposition of Helman's claim, because of our holding that Helman is entitled to benefits notwithstanding his prior disability.

Moreover, it is not clear that the referee did ignore the records. They are part of the official record certified by the Board to us for purposes of Helman's appeal. However, even if the records in question were ignored, there was sufficient evidence before the referee concerning Helman's surgery and the effect of his coronary disability. It is not error to omit evidence which is merely cumulative as to evidence accepted by the referee and the board. *Rabenstein v. State Workmen's Insurance Fund*, 15 Pa. Commonwealth Ct. 160, 325 A.2d 681 (1974).

Therefore, we affirm the Board's awards of benefits under the Act for Troyak and Helman.

## ORDER IN 1362 C.D. 1977

AND Now, this 22nd day of June, 1979, the order of the Workmen's Compensation Appeal Board, Docket No. A-72674, dated June 9, 1977, affirming the referee's award of permanent and total disability compensation payments to Frank Troyak, is affirmed.

It is ordered that judgment be entered in favor of claimant Frank Troyak, and against Republic Steel Corporation and the Commonwealth of Pennsylvania in the amount of $106.00 per week beginning June 18, 1975, and continuing indefinitely, pursuant to The Pennsylvania Workmen's Compensation Act. Republic Steel shall be liable for the payment of fifty percent of claimant's weekly award, and the Commonwealth of Pennsylvania shall be liable for the remaining fifty percent. The payments to be made by Republic Steel Corporation only shall bear interest on all deferred payments of compensation at the rate of 10% per annum.

It is further ordered that Republic Steel Corporation reimburse the United Mine Workers of America, District 5, for the following amounts:

$120.00 for the testimony of Dr. Thomas P. Connelly;

$47.00 for a stenographer's bill for a copy of Dr. Connelly's testimony;

$33.25 for a stenographer's bill for a copy of Dr. Wald's testimony;

$29.70 for a stenographer's bill for a copy of Dr. Buchanan's testimony.

## ORDER IN 1901 C.D. 1977

AND Now, this 22nd day of June, 1979, the order of the Workmen's Compensation Appeal Board, Docket No. A-72681, dated August 24, 1977, affirming the referee's award of benefits to claimant Blaine Helman, is affirmed.

It is ordered that judgment be entered in favor of Blaine Helman, and against Republic Steel Corporation and the Commonwealth of Pennsylvania in the amount of $100.00 per week beginning December 11, 1974, and continuing indefinitely, pursuant to The Pennsylvania Workmen's Compensation Act. Of that amount, Republic Steel Corporation shall be liable for the payment of fifty percent, and the Commonwealth of Pennsylvania shall be liable for the remaining fifty percent.