Aubrey O. Winkelman, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and American Can Co., Respondents.

Argued March 6, 1981, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

564

*Marc S. Jacobs, Galfand, Berger, Senesky, Lurie and March,* for petitioner.

*Ronald F. Bove, Swartz, Campbell & Detweiler,* for respondent, American Can Company.

OPINION BY JUDGE BLATT, June 9, 1981:

The petitioner[1] challenges the Board's[2] determination that he has not suffered a complete loss of hearing in his left ear.[3]

In May of 1976, the petitioner filed a claim petition alleging that he suffered a complete loss of hearing in both ears as a result of his employment with American Can Company. Hearings were held and depositions were introduced, after which the referee denied the claim for benefits finding that the petitioner had not lost his hearing for all practical intents and purposes.[4] The Board remanded the case to the referee for the taking of additional testimony, but no new evidence was presented and the referee again dismissed the

[1] Aubrey O. Winkelman.

[2] Workmen's Compensation Appeal Board.

[3] Section 306(c)(8) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513(8).

[4] To decide whether or not a hearing loss is complete under Section 306(c)(8) of the Act, it must be determined whether or not hearing has been lost for all practical intents and purposes. *Workmen's Compensation Appeal Board v. Hartlieb,* 465 Pa. 249, 348 A.2d 746 (1976).

claim. Upon further appeal, the Board upheld the denial of benefits, and this petition for review attacks that denial only as it applies to the hearing in the left ear.

The petitioner argues that the referee's findings cannot be sustained without a capricious disregard of competent evidence,[5] and he claims that the evidence established that he *had* lost the hearing in his left ear for all practical intents and purposes.

The referee made the following relevant findings of fact:

4. The [petitioner] was employed by the Defendant, American Can Company, since 1970 and last worked for them on June 27, 1976.

5. During the course of his employment with the Defendant, he was subjected to some noise. The amount of that noise is undetermined although some of it was loud.

6. The [petitioner] had sustained loss of hearing primarily of high tones although he has word discrimination of 72% in the left ear and 68% in the right ear.[6]

7. The Referee does not believe that this represents a loss of hearing for all intents and purposes and believes that the credible evidence submitted does not represent testimony, which supports a finding of the loss of hearing for all intents and purposes, and therefore the petition should be dismissed.

---

[5] Where the party with the burden of proof has not prevailed below, our scope of review is limited to determining whether or not the referee's findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Transue v. Falk's Food Basket*, 27 Pa. Commonwealth Ct. 156, 365 A.2d 894 (1976).

[6] These percentages represent the number of words in a series which the petitioner could distinguish and repeat: 72 words out of 100 in the left ear and 68 words out of 100 in the right ear.

To establish a loss of hearing for all intents and purposes, it is not necessary that the petitioner prove that his ear is totally useless, but we believe that he must demonstrate that he has lost so much of his hearing that he cannot use his ear in the manner that nature intended. *See Workmen's Compensation Appeal Board v. Hartlieb, supra* n. 4.

After careful consideration of the record, we cannot say that the referee capriciously disregarded competent evidence by finding that there was no loss of hearing for all practical intents and purposes. The record discloses that it is possible for the petitioner to engage in a conversation with a single person in a quiet setting, although he would have much greater difficulty in understanding a conversation in a crowded room with more background noise. There can be no doubt that he has suffered a significant hearing impairment, but it is for the referee, not for this Court, to determine the extent of the loss in light of the conflicting testimony, and we must defer to the referee's resolution of questions of credibility and of the weight to be given the evidence produced. *Workmen's Compensation Appeal Board v. Adley Express*, 20 Pa. Commonwealth Ct. 251, 340 A.2d 924 (1975).[7]

We will, therefore, affirm the Board's denial of benefits.

## ORDER

AND Now, this 9th day of June, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.

---

[7] Although we question whether the petitioner has produced sufficient evidence to prove that his hearing impairment was work-related, we need not decide that issue inasmuch as we have found that he did not establish that he suffered a complete loss of hearing under Section 306(c)(8) of the Act.