Wheeling-Pittsburgh Steel Corp., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Lewis C. Dale, Respondents.

Argued April 10, 1981, before Judges BLATT, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

Francis P. Massco, with him Stephen A. McCarthy, for petitioner.

William R. Caroselli, with him Edwin H. Beachler, McArdle, Caroselli, Spagnolli & Beachler, for respondent, Lewis C. Dale.

OPINION BY JUDGE BLATT, September 10, 1981:

The petitioner, the Wheeling-Pittsburgh Steel Corporation, appeals a decision of the Workmen's Compensation Appeal Board (Board) which granted benefits for partial disability to the claimant, Lewis C. Dale.

The claimant was employed by the petitioner from August of 1940 through October of 1974 during which time he was exposed to deleterious gases and dust while in the performance of his assigned duties. In October of 1974, he suffered a heart attack, underwent open heart surgery on April 23, 1975 and has never returned to work. On April 18, 1975, he was examined by a specialist in pulmonary diseases and he thereafter filed a claim for workmen's compensation benefits alleging that he was totally disabled because of mixed-dust pneumoconiosis contracted in the course of his employment with the appellant. After several hearings, the referee concluded that the claimant was partially disabled from mixed-dust pneumoconiosis and the Board later affirmed the referee's grant of benefits. This appeal followed.

The appellant contends that the referee's conclusion was not supported by the evidence, arguing that, because the claimant filed for a disability pension and Social Security disability benefits on the basis of his heart condition, he has admitted that his disability

did not result from pneumoconiosis. We agree that such evidence may be relevant to the issue of causation, but we do not believe it to be conclusive, and we do believe that the claimant may produce other evidence to establish the causal connection between his disability and his occupational exposure, which he did here.

The appellant further argues, however, that the claimant did not produce the requisite unequivocal medical evidence as to causation.[1] Yet the record indicates testimony by the claimant's medical witness that, although the claimant suffered from arteriosclerotic heart disease, pulmonary emphysema and pneumoconiosis, the latter condition alone was sufficient to "preclude his returning to his job or similar type of employment."[2] Although the witness did use some qualifying language in the course of his deposition, we

---

[1] A claimant must produce unequivocal medical testimony to show that his disability was work-related, unless the causal connection was obvious. *Morgan v. Giant Markets, Inc.*, 483 Pa. 421, 397 A.2d 415 (1979).

[2] The claimant's medical witness testified in part as follows:

Q. Doctor, if you were to consider his pulmonary disease alone, namely, his mixed-dust pneumoconiosis as you described, do you have an opinion as to whether or not he would be disabled from doing his job as a laborer in and around the basic oxygen furnaces as I have described?

A. Let me preface my answer and say that comment in my report here on the report of January 14, '78, indicates that he was a poor narrator in taking the occupational history. Then in my summary I indicated that pneumoconiosis made a very significant contribution to his overall disability and it was possible that his pulmonary disease alone could preclude his returning to his job or similar-type employment. Assuming that your clarification is correct, then I think that he would not be able to return to his job on the basis of his lung disease alone.

See *Jandy Coal Co. v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 373, 395 A.2d 665 (1978).

must agree with the Board that, viewed in its entirety, his testimony was unequivocal.[3] *Martinique v. Workmen's Compensation Appeal Board,* 45 Pa. Commonwealth Ct. 67, 404 A.2d 778 (1979).

Finally, the appellant asserts that the referee and the Board erred in finding partial disability inasmuch as that issue was not raised in the claim petition and the evidence that the claimant presented referred only to total disability. While it is true that the claimant, in view of his petition, had the burden of proving that he was *totally* disabled because of an occupational disease, once that obligation had been met, as the referee and Board so found in this case, the burden then shifted to the *employer* to produce evidence that the claimant's disability was only partial because light work within his capabilities was available to him. *Barrett v. Otis Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968); *Workmen's Compensation Appeal Board v. Foley,* 18 Pa. Commonwealth Ct. 540, 336 A.2d 892 (1975). It is also true that the referee evidently assumed that light work at the minimum wage was available to the claimant. Our review of the record, however, indicates that the employer presented little or no evidence to support any such assumption. Moreover the claimant did not file a cross-appeal here challenging that finding and, inasmuch as such a finding would have *reduced* the employer's liability in any event, we will not overturn the finding at the request of the employer on this appeal.

We will therefore affirm the Board's award of benefits.

---

[3] The doctor referred in his deposition to his prior medical report in which he stated that the claimant's pulmonary disease "makes some contribution to his overall disability," but the remainder of the doctor's testimony is sufficiently unequivocal so as to negate any qualification contained in the medical report. *See, e.g.,* footnote 2, *supra.*

548

ORDER

AND Now, this 10th day of September, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed and

It Is Ordered that judgment be entered in favor of the claimant, Lewis C. Dale, against the appellant, Wheeling-Pittsburgh Steel Corporation, self-insured and the appellant is directed to pay to the claimant $106 per week from June 17, 1975 and continuing into the future as provided in The Pennsylvania Workmen's Compensation Act with interest on past amounts to be paid at 10% per annum and the appellant is further directed to deduct from compensation due 20% of two years benefits and to pay said amount to claimant's counsel, the law firm of McArdle, Caroselli, Spagnolli and Beachler, and the appellant is also directed to pay to claimant's counsel $463.55 for costs incurred.

The appellant is entitled to take credit for disability benefits paid from June 17, 1975 to June 30, 1975.