Albert E. Klaric, Petitioner *v.* Workmen's Compensation Appeal Board (National Castings, Div. Midland Ross Corp.), Respondents.

Argued November 17, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Anthony Perfilio, Rodgers, Perfilio, Heiman & Sewinsky, P.C.,* for petitioner.

*W. Allen Dill, Fruit, Dill, Goodwin & Scholl,* for respondent, National Castings Div., Midland Ross Corp.

OPINION BY JUDGE MACPHAIL, January 11, 1983:

Albert E. Klaric (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision suspending Claimant's workmen's compensation benefits under a notice of compensation payable and denying compensation for the alleged permanent loss of the use of his right foot. We affirm.

Claimant sustained a crushing injury to his right foot with open fractures of both bones of his right lower leg on April 1, 1975 while in the course of his employment as a millwright with the National Castings Division of Midland-Ross Corporation (Employer). Claimant subsequently received compensation benefits pursuant to a notice of compensation payable entered on April 14, 1975. Claimant returned to work with no loss of earnings on March 18, 1977. The Employer, accordingly, filed a termination petition which was later amended to request a suspension, rather

than a termination, of compensation benefits. Claimant's answer to the petition admitted his return to work with no reduction in wages, but alleged that his injury had resulted in the permanent loss of the use of his right foot.[1] Following a hearing on the petition and Claimant's answer thereto, the referee ordered that compensation benefits be suspended effective March 18, 1977 and found that Claimant had not lost the use of his right foot for all practical intents and purposes. The Board affirmed and Claimant perfected his appeal to this Court.

Two issues have been raised for our consideration: 1) whether or not the referee erred in finding that Claimant had not lost the use of his right foot for all practical intents and purposes[2] and 2) whether the referee erred in sustaining the Employer's objection to certain testimony offered by the Claimant.

The issue of loss of use of an extremity is a question of fact for the referee to resolve. *McGraw Edison/Power Systems Division v. Workmen's Compensation Appeal Board*, 64 Pa. Commonwealth Ct. 111, 439 A.2d 868 (1982). When determining issues of fact the referee must make credibility decisions, resolve evidentiary conflicts and weigh the evidence presented to him. In so doing the referee may accept or reject the testimony of any witness, including medical experts, in whole or in part. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007

[1] *See* Section 306(c)(4) and (24) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513(4) and (24).

[2] Although the referee found that Claimant has not lost the use of his "right foot *and/or ankle and lower leg*" (emphasis added), Claimant's answer to the Employer's petition alleges only the loss of use of his right foot. We will, accordingly, limit our review to the finding regarding Claimant's right foot.

(1977). In specific loss cases it is not necessary that the injured member be of absolutely no use in order for the claimant to qualify for compensation benefits. Instead, the proper test is whether the claimant has suffered the permanent loss of use of the injured part of his body for all practical intents and purposes. *Workmen's Compensation Appeal Board v. Hartlieb,* 465 Pa. 249, 348 A.2d 746 (1976).

In the instant case, the referee was presented with two depositions by medical experts who expressed conflicting opinions as to whether Claimant had suffered a permanent loss of use of his right foot. The referee chose to accept the opinion of Claimant's treating physician, Dr. Benninger, who opined that while Claimant suffers from a permanent partial disability, he has not lost the use of his foot for all practical intents and purposes. Claimant's argument that Dr. Benninger's testimony was confusing and contradictory goes to the weight to be accorded that testimony which, of course, is a matter for the referee to determine. Since the referee is free to accept or reject medical testimony in whole *or in part,* we must conclude that the referee's finding on the loss of use issue is not in error and does not constitute a capricious disregard of competent evidence.[3]

The second issue presented in this appeal involves the referee's ruling on an objection made by the Employer during the direct examination of Claimant by his counsel. The objection was to the relevancy of a

---

[3] Where the party with the burden of proof, here the Claimant, has failed to prevail before the workmen's compensation authorities, our scope of review is limited to a determination of whether the referee's fact findings are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Winkelman v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 563, 430 A.2d 402 (1981).

line of questioning detailing activities which Claimant could no longer perform as a result of his injury. The referee ruled as follows:

> I think *until I get the medical report,* I will sustain Mr. Dill's objection and see what the doctor has to say. The claimant has already testified, to some extent, as to what he can and can not do. (Emphasis added.)[4]

The case law in this area indicates that testimony regarding activities which a claimant can no longer perform as the result of an injury is relevant to the factual issue of whether there has been a loss of use of a part of the body for all practical intents and purposes. *See Wall v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 12, 315 A.2d 656 (1974); *Curran v. Knipe & Sons, Inc.,* 185 Pa. Superior Ct. 540, 138 A.2d 251 (1958). Thus, while a total exclusion of such evidence by the referee would constitute error, we think that the referee's ruling in this case was not improper because it effected only a temporary exclusion of the Claimant's testimony. The exclusion was only effective pending receipt of medical evidence which the referee anticipated would be based on Claimant's case history, including those physical activities which he can no longer perform. We think that the ruling, although phrased in terms of relevancy, was aimed at avoiding the possibility of cumulative testimony and was a proper exercise of the referee's power. *See Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 480, 402 A.2d 725 (1979). Since the ruling only constituted a temporary exclusion, we agree with

---

[4] The referee later reiterated her ruling as follows:

> Well, I have ruled on the objection as it was, which was ... what he can and can not do now as opposed to what he could do prior to the injury and its relevancy *at this stage.* (Emphasis added.)

the Board that, in order to preserve the issue of a *total* exclusion for appeal, the Claimant should have requested leave to present any additional relevant testimony *after* the medical depositions were filed with the referee. No such request appears of record. We also note that, prior to the Employer's objection, the Claimant was permitted to testify that he is no longer able to engage in any physical activities with his children. He also testified as to the pain and lack of mobility he suffers, introduced photographs of his foot and demonstrated how the injury has affected his ability to walk. Thus, the referee was correct in stating that the Claimant had already testified to some degree as to his present physical limitations. We conclude that the referee committed no error in her evidentiary ruling.

Order affirmed.

ORDER

The order of the Workmen's Compensation Appeal Board, dated February 5, 1981, Docket No. A-78669, is hereby affirmed.

Judge DOYLE dissents.