Latrobe Steel Company, Petitioner *v.* Workmen's Compensation Appeal Board (Goodman), Respondents.

204

Submitted on briefs October 6, 1983, to Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*H. Reginald Belden, Jr., Stewart, Belden, Herrington & Belden,* for petitioner.

*Edwin H. Beachler, McArdle, Caroselli, Spagnolli & Beachler,* for respondents.

OPINION BY JUDGE DOYLE, December 22, 1983:

Petitioner, Latrobe Steel Company, appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's award of benefits to Respondent, Harry Goodman, on the basis of Respondent's complete loss of hearing.[1]

Respondent was employed by Petitioner for thirty-nine years during which time he developed a hearing loss as a result of his constant exposure to high levels of machinery-related noise. Respondent filed a petition with the Bureau of Worker's Compensation, and, after a hearing, the referee found that Respondent

---

[1] Section 306(c)(8) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736 *as amended,* 77 P.S. §513(8).

had suffered a complete loss of hearing in both ears due to a work related injury.

Petitioner appeals the award of compensation benefits, alleging that the referee capriciously disregarded evidence in reaching his decision. Initially we note that Petitioner's allegation reflects the standard of review applicable only to cases where the party with the burden of proof has not prevailed. *See Marshall v. Workmen's Compensation Appeal Board (Temple University and Insurance Company of North America)*, 71 Pa. Commonwealth Ct. 25, 453 A.2d 1083 (1983). Where, as here, the party with the burden of proof has prevailed before the referee and the Board has taken no additional evidence, our scope of review is limited to a determination of whether an error of law was committed or any necessary finding of fact was unsupported by substantial evidence in the record. *Elliot v. Workmen's Compensation Appeal Board (C.S. Engineers, Inc.)*, 72 Pa. Commonwealth Ct. 195, 455 A.2d 1299 (1983).

Even under this standard of review, Petitioner's claim must fail. Petitioner cites the fact that Respondent could hear, understand and respond to questions asked of him at the Referee's hearing, and contends that this evidence establishes that the Respondent's loss of hearing was only partial. We disagree. To establish a loss of hearing for all intents and purposes, it is not necessary that the Claimant prove that his ear is totally useless; it is enough that the Claimant demonstrate that he has lost so much of his hearing that he cannot use his ear in the manner that nature intended. *Workmen's Compensation Appeal Board v. Hartlieb*, 465 Pa. 249, 348 A.2d 746 (1975); *Winkelman v. Workmen's Compensation Appeal Board*, 59 Pa. Commonwealth Ct. 563, 430 A.2d 402 (1981). The evidence in the record amply supports

the conclusion that Respondent had suffered such a hearing loss. In addition to Respondent's own testimony that he could not hear a telephone, television, or another person's voice except at a high volume, Dr. Ralph J. Caparosa testified that in his opinion Respondent suffered from a severe sensory, neural hearing loss in both ears.[2] In light of this evidence, the mere fact that Respondent was able to answer questions at the hearing is without significance. Clearly, under the rule established in *Hartlieb,* a claimant's ability to answer questions is not inconsistent with the finding that he has suffered a complete loss of hearing.

We note that the record gives no indication of the volume, tone or manner in which the questions were presented to the Respondent. The referee, having had the opportunity to observe these additional elements and determine credibility, concluded that Respondent had suffered a complete loss of hearing for all intents and purposes. As this conclusion is supported by substantial evidence, we must affirm.

## ORDER

Now, December 22, 1983, the Order of the Workmen's Compensation Appeal Board in the above referenced matter, dated November 12, 1982, is hereby affirmed.

---

[2] Dr. Caparosa's opinion was based on a speech discrimination test which indicated that Respondent could hear a certain percentage of words at high decibel levels, having greater hearing in his right ear than in his left ear. The conclusion that Respondent had suffered a complete loss of hearing on the basis of these test results is consistent with the facts in *Hartlieb,* where an identical conclusion that a claimant suffered a complete loss of hearing was reached on the basis of a finding that claimant had suffered a binaural hearing loss of only 78%. *Hartlieb,* 465 Pa. at 253, n. 6, 348 A.2d at 748, n. 6.