508 A.2d 1303

Babcock & Wilcox and Insurance Company of North America, Petitioners *v.* Workmen's Compensation Appeal Board (Marshall), Respondents.

Argued March 10, 1986, before President Judge CRUMLISH, JR., Judges ROGERS and BARRY, sitting as a panel of three.

Raymond F. Keisling, Will, Keisling, Ganassi & McCloskey, for petitioners.

Samuel S. Blaufeld, with him, Pamela M. Schiller, for respondent, Glenn H. Marshall.

OPINION BY JUDGE ROGERS, May 6, 1986:

This matter and that of *Armco Inc. v. Workmen's Compensation Appeal Board (Robbins)*, 97 Pa. Commonwealth Ct. 49, 508 A.2d 1305 (1986), also decided this day, are employers' petitions for review of orders of the Workmen's Compensation Appeal Board affirming referees' awards of compensation to workers for "the complete loss of hearing," compensable under Section 306(c)(8) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513.

The claimant in this case, Glenn H. Marshall, filed a petition alleging that he had suffered a complete loss of hearing in his left ear as the result of noise at his workplace. The referee heard evidence and awarded compensation based on his findings that the claimant had lost the use of hearing in his left ear for all practical intents and purposes *and* that "he cannot utilize his sense of hearing in the manner in which nature intended." The basis of these findings are answers of the claimant's medical witness during examination by claimant's counsel, as follows:

> Q. In view of these facts and based on your experience, can you say within a reasonable degree of medical certainty whether Mr. Marshall can utilize his hearing in the manner that nature intended?

A. Yes, I can state within a reasonable degree of medical certainty that Mr. Glenn Marshall has suffered a complete loss of hearing in both ears and that he can no longer use his hearing in the way nature intended him to use.

Q. Is it your opinion then, Doctor, within a reasonable degree of medical certainty that the Claimant has sustained a complete loss of hearing in both ears for all practical intents and purposes?

A. Yes, that is my opinion.

The Appeal Board affirmed, quoting the following from the opinion of this court in *Latrobe Steel Co. v. Workmen's Compensation Appeal Board (Goodman)*, 79 Pa. Commonwealth Ct. 203, 205, 468 A.2d 1178, 1179 (1983), as follows:

[t]o establish a loss of hearing for all intents and purposes . . . it is enough that the claimant demonstrate that he has lost so much of his hearing that he cannot use his ear in the manner that nature intended.

The compensation authorities here and in *Armco* have employed the rule that a complete loss of hearing can be established by evidence sufficient to satisfy the fact finder *either* that the claimant has lost his hearing for all practical intents and purposes *or* that the claimant cannot use his ears in the manner nature intended. This was error. The Pennsylvania Supreme Court decided in the controlling case, *Workmen's Compensation Appeal Board v. Hartlieb*, 465 Pa. 249, 348 A.2d 746 (1976), that the Legislature's reference in Section 306(c)(8) to a complete loss of hearing is not to be taken literally; and that the proper test is whether the claimant has suffered a complete loss of hearing for all practical intents and purposes. The Supreme Court did not hold that the test was whether there was a complete loss

of hearing *or* whether the claimant cannot use his hearing as nature intended; and we do not believe that inability to hear as nature intended is a surrogate for complete loss of hearing for all intents and purposes. Any impairment may result in an inability to hear as nature intended. We may suppose that nature intended us to hear the proverbial pin drop; but surely persons who have suffered hearing loss to that, and considerably greater degree, cannot be said to have suffered a complete loss of hearing for all practical intents or purposes. The test, inability to use one's ears as nature intended, is susceptible to application to hearing losses which in fact do not render the subject unable to function in usual social, work and familial settings; and this is not what is intended by complete loss of hearing for all practical intents and purposes. Inability to hear as nature intended is simply not synonymous with complete loss for all practical intents and purposes.

We hasten to acknowledge that the responsibility for this improper variance from the true test must be shared by this court, including specifically the writer of this opinion. Its origin is footnote 6 of the *Hartlieb* opinion, in which the Supreme Court lists four of the Appeal Board's findings concerning the condition of the claimant in that case. The third finding was that the claimant could no longer use his ears in the manner nature intended. In *Winkelman v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 563, 566, 430 A.2d 402, 403 (1981), we wrote that "to establish a loss of hearing for all intents and purposes, it is not necessary that the petitioner prove that his ear is totally useless; but we believe that he must demonstrate that he has lost so much of his hearing that he cannot use his ear in the manner that nature intended," citing footnote 6 of *Hartlieb*. In *Latrobe,* as we have already noted, we wrote that "it is enough . . . that he has lost so much of

his hearing that he cannot use his ear in the manner that nature intended." In *Lukens Inc. v. Workmen's Compensation Appeal Board (Parks)*, 92 Pa. Commonwealth Ct. 254, 499 A.2d 8, 10 (1985) (ROGERS, J.), we wrote "it is sufficient that he has lost so much of his hearing that he cannot hear as nature intended." These expressions apply a wrong test and must be, and are, disapproved.

We are, therefore, constrained to vacate the order of the Appeal Board and to remand the record for disposition of the matter according to the true test for complete loss of hearing described herein.

## ORDER

AND NOW, this 6th day of May, 1986, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is vacated and the record is remanded for further disposition of the matter according to the true test for loss of hearing described herein.