111 Pa. Commonwealth Ct. 201 (1987)
533 A.2d 810
Charles Martin, Petitioner
v.
Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corporation), Respondents.
No. 1110 C.D. 1986.
Commonwealth Court of Pennsylvania.
Submitted on briefs October 8, 1987.
November 20, 1987.
Submitted on briefs October 8, 1987, to Judges MacPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.
James D. Strader, Caroselli, Spagnolli & Beachler, for petitioner.
Joseph S. Weimer, with him, Fred C. Trenor, Meyer, Darragh, Buckler, Bebenek & Eck, and Daniel R. Minnick, for respondent.
OPINION BY SENIOR JUDGE BARBIERI, November 20, 1987:
Charles Martin (Petitioner) appeals from the dismissal of his workmen's compensation petition for hearing *202 loss as time barred under Sections 311 and 315 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §§631 and 602 respectively.[1] We affirm the order of the Workmen's Compensation Appeal Board (Board) dismissing the petition. At the time of the referee's hearing, Petitioner was a 61 year old man who had been employed in the mill of Jones and Laughlin Steel Corporation for 34 years. He testified that he first began experiencing hearing problems in 1974 which progressively grew worse to the point he had to purchase a hearing aid for his left ear in 1976. In 1979 he was examined by his treating physician who informed him that his hearing loss was work-related and prescribed hearing aids for both ears. Petitioner testified that prior to purchasing hearing aids in 1979 he could not hear a telephone, television or radio without amplification, or carry on a conversation without reading lips. Petitioner continued to work at Jones & Laughlin Steel Corporation, finally retiring in March of 1983. He was subsequently examined again by his treating physician and filed this claim petition on March 5, 1984.
The referee heard testimony by Claimant and his treating physician. The treating physician stated that the audiometric studies he had performed indicated a severe sensorineural hearing loss, but that the hearing was as poor in 1979 as it was in 1983. The physician stated that the hearing loss was progressive but on cross-examination admitted it was "poor today, a little poorer, but it was poor in 1979." N.T. (5/11/84) 62a. The referee made specific findings of fact that the Petitioner had, as a result of exposure during the course of his employment, lost the use of hearing in both ears for all practical intents and purposes on March 9, 1979; that he was advised by his treating physician on this date *203 that his loss was occupationally related; that no notice of the said hearing loss had been given to the employer until April 18, 1983; and that consequently his claim petition was time barred.
Petitioner cites Dana Corporation v. Workmen's Compensation Appeal Board (Savage), 75 Pa. Commonwealth Ct. 474, 462 A.2d 900 (1983) for the proposition that a hearing loss which is progressive in nature is not time barred if filed within three years of the time from which a claimant is made aware that his hearing is totally lost for all practical intents and purposes. This is certainly an accurate statement of the law. However, in Dana, involving two claimants with nearly identical cases, there was medical testimony establishing the progressive nature of the loss, and neither of the Claimants was examined by a physician until 1979, when they were advised of total hearing loss and promptly filed their petitions. The medical testimony in the present case was entirely different.
Q. Doctor, isn't it just your testimony that he had a hearing loss relating to his employment in 1979?
A. Yes.
Q. And he knew his hearing loss was related to his employment in 1979?
A. Yes.
Q. And his hearing, while it may have deteriorated somewhat, was, your words, `as poor in 1979 as it is today'?
A. Well, it's poor today, a little poorer, but it was poor in '79.
Q. So you describe on your direct examination the use of his hearing with regards to conversations in crowds, at cocktail parties. He had the same problems in 1979; did he not?
A. Yes.

*204 Q. And he was aware he had those problems in 1979?
A. Well, yes, he was aware. He came in complaining of hearing loss.
Q. So he had lost the use of his hearing in the manner in which nature intended in 1979; is that also correct?
A. Yes.
N.T. (5/11/84) 62a-63a. In Dana the claimant was examined in 1979 and filed his petition in 1979. In the present case, there is substantial evidence to find that Petitioner knew he had lost the use of his hearing not only "in the manner in which nature intended," but "for all practical intents and purposes,"[2] in 1979, was advised by a physician that this loss was work-related, but did not file his petition until he retired almost five years later.
There is ample evidence in the record to find that Petitioner had lost his hearing in both ears for all practical intents and purposes in 1979. By 1976 he had to have an amplifier installed on his telephone and a hearing aid for his left ear. By 1979 he was lip reading conversations and simply could not hear television or radio playing at normal volume. The testimony of the treating *205 physician was that Petitioner's hearing was so bad in 1979 that it was hard to measure any further deterioration in 1983 by means of audiometric studies. This Court has stated in Babcock & Wilcox v. Workmen's Compensation Appeal Board (Marshall), 97 Pa. Commonwealth Ct. 45, 508 A.2d 1303 (1986) that complete loss of hearing for all practical intents and purposes means that the subject is rendered unable to function in usual social, work and familial settings. Id. at 48, 508 A.2d at 1305. We agree with the referee that Petitioner satisfied this definition in 1979. See also, Winkleman v. Workmen's Compensation Appeal Board, 59 Pa. Commonwealth Ct. 563, 430 A.2d 402 (1981). Consequently, his claim is time barred in 1983. Workmen's Compensation Appeal Board v. Griffith, 28 Pa. Commonwealth Ct. 623, 368 A.2d 1371 (1977).

ORDER
NOW, November 20, 1987, the order of the Workmen's Compensation Appeal Board, as of No. A-88531, dated April 4, 1986, is hereby affirmed.
NOTES
[1] Act of June 3, 1915, P.L. 736, as amended.
[2] The test for compensable loss of hearing, that the claimant cannot hear as nature intended, applied by this Court prior to the Supreme Court's decision in Workmen's Compensation Appeal Board v. Hartlieb, 465 Pa. 249, 348 A.2d 746 (1976), has been disapproved in favor of the requirement for compensability that there be a complete loss of hearing for all practical intents and purposes. Babcock & Wilcox v. Workmen's Compensation Appeal Board (Marshall), 97 Pa. Commonwealth Ct. 45, 508 A.2d 1303 (1986). While the question put to Petitioner's physician was phrased in terms of the now defunct standard, we are satisfied that based on the entire record the referee's finding of fact that the Petitioner had lost the use of his hearing in both ears for all practical intents and purposes in 1979 was supported by substantial evidence.