Dana Corporation and The Hartford Insurance Group, Petitioners *v.* Workmen's Compensation Appeal Board (Michael Savage and Firemen's Fund Insurance Companies), Respondents.

Dana Corporation and The Hartford Insurance Group, Petitioners *v.* Workmen's Compensation Appeal Board (Joseph A. Wisniewski and Firemen's Fund Insurance Companies), Respondents.

Argued April 4, 1983, before Judges Blatt, Mac-Phail and Doyle, sitting as a panel of three.

*Robert H. Holland,* with him *Barbara L. Hollenbach, Holland, Taylor and Sorrentino,* for petitioners.

*Stephen J. Harlen, Swartz, Campbell and Detweiler,* for respondent, Firemen's Fund Insurance Companies.

*Marc S. Jacobs, Galfand, Berger, Senesky, Lurie & March,* for respondents, Michael Savage and Joseph A. Wisniewski.

OPINION BY JUDGE DOYLE, July 14, 1983:

These are the consolidated appeals of the Dana Corporation (Dana) and The Hartford Insurance Group (The Hartford) from orders of the Workmen's Compensation Appeal Board (Board) which affirmed the award of benefits to two Dana employees. We affirm.

Michael Savage and Joseph A. Wisniewski (Claimants) were both employed by the Dana Corporation for more than thirty years. Savage was employed as a welder and assemblyman and Wisniewski was employed as a welder and utility man. In 1979, both men filed claim petitions seeking compensation for a

complete loss of hearing in both ears.[1] Both men claimed that the injury was caused by constant exposure to noise during the course of their employment with Dana. Separate hearings were held before Referee Harry C. Shayhorn,[2] and The Hartford, insurance carrier for Dana since June 1, 1978, joined Firemen's Fund Insurance Company (Firemen's Fund), carrier for Dana prior to June 1, 1978, in both actions. Both The Hartford and Firemen's Fund raised the statute of limitations as a defense to each claim. Referee Shayhorn ordered The Hartford to pay benefits to both Claimants for the loss of hearing in both ears for all practical intents and purposes. The Hartford appealed both determinations and the Board affirmed. Petition for review in this Court followed and we consolidated these nearly identical cases for argument and disposition.

Claimants seeking workmen's compensation benefits bear the burden of proving a right to those benefits. *Bethlehem Steel Corporation v. Workmen's Compensation Appeal Board (Lombardi)*, 70 Pa. Commonwealth Ct. 392, 453 A.2d 370 (1982). Where, as here, the parties with the burden of proof prevail before the referee and the Board takes no additional evidence, review by this Court is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. *United States Steel Corp. v. Workmen's Compensation Appeal Board*, 59 Pa. Commonwealth Ct. 434, 430 A.2d 349 (1981).

Dana urges that findings made by Referee Shayhorn in each case are unsupported by substantial

---

[1] Savage filed a Claim Petition on November 14, 1979. Wisniewski filed a Claim Petition on June 18, 1979.

[2] Hearings on the Savage claim were held on April 10, 1980 and November 19, 1980. Hearings on the Wisniewski claim were held on October 16, 1979 and November 19, 1980.

evidence. Specifically, Dana questions the finding that Savage was not aware of the extent of his injury or its relation to his employment and that the first medical confirmation of the causal connection was in November of 1979. Similarly, Dana challenges the finding that Wisniewski was not aware that he suffered a total loss of hearing from exposure to noise at work until the time he filed his claim petition. The record shows that Dana instituted a program of testing its employees' hearing in 1971 and Claimants were both tested annually or semi-annually. Dana urges that the Claimants, therefore, knew or should have known that they suffered a total bilateral loss of hearing that was work related. While testimony by both Claimants indicated that they had suffered a hearing problem for some time and had reason to believe the problem was due to exposure to noise at Dana, both men testified that their hearing loss became progressively worse and that they had never been told the results of the testing at Dana and were never told that they suffered a total hearing loss for all practical intents and purposes from their employment until they were examined by a physician in 1979. This constitutes substantial evidence to support the referee's findings.

Collaterally, Dana argues that both Claimants suffered their hearing loss long before they filed their claims and recovery is barred by the statute of limitations.[3] We disagree. As noted above Claimants testified that their hearing loss had become progressively worse up until the time they filed their claims. The record contains medical testimony regarding the progressive nature of hearing loss due to cumulative exposure to industrial noise and our Supreme Court has recognized

---

[3] Section 315 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §602 provides that claims for compensation are barred unless brought within three years of the injury.

478

the nature of the injury and the difficulty in isolating a single moment when hearing is deemed to be lost for all practical intents and purpose. *Hinkle v. H. J. Heinz Co.*, 462 Pa. 111, 337 A.2d 907 (1975). Referee Shayhorn committed no error of law in concluding that both claim petitions were timely filed.

ORDER

Now, July 14, 1983, the orders of the Workmen's Compensation Appeal Board in the above referenced matters, No. A-80981, dated April 1, 1982 and No. A-81050, dated May 13, 1982 are hereby affirmed.