97 Pa. Commonwealth Ct. 356 (1986)
509 A.2d 945
Andrew G. Young, Petitioner
v.
Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.), Respondents.
No. 3357 C.D. 1983.
Commonwealth Court of Pennsylvania.
May 20, 1986.
*357 Before Judges MacPHAIL and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.
Mario Santilli, with him, Sylvester A. Beozzo, Cooper, LePore and Dreeland, for petitioner.
Michael D. Sherman, with him, Roy F. Walters, Jr., Fried, Kane, Walters & Zuschlag, for respondent, Jones & Laughlin Steel Corporation.
OPINION BY JUDGE MacPHAIL, May 20, 1986:
Andrew G. Young (Claimant) appeals from a decision of the Pennsylvania Workmen's Compensation Appeal *358 Board (Board) which reversed a referee's decision granting benefits to Claimant. We must determine whether the Board erred in concluding that Claimant's claim was barred by the statute of limitations. We affirm.
Claimant was a full-time employee of Jones & Laughlin Steel Corp. (Employer) until his last day of work on March 13, 1975. Throughout the course of his employment, Claimant suffered severe cervical and lumbar spondylosis. As of March 14, 1975, Claimant became totally disabled and unable to continue his employment due to aggravation of his severe cervical and lumbar spondylosis.
Claimant did not learn that his injuries were work-related until so informed by his treating physician, Dr. John B. Blakely, in a letter dated April 3, 1978. Claimant filed a claim petition on April 19, 1978.
The referee found that Claimant gave Employer timely notice of his injuries pursuant to Section 311 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §631. The referee concluded that Claimant was not barred from recovering under Section 315 of the Act, as amended, 77 P.S. §602, because "[C]laimant filed his claim petition within three years of when he knew, or by the exercise of reasonable diligence, should have known of the existence of his injuries and their possible relationship to his employment." Referee's Conclusion of Law No. 3.
On appeal, the Board reversed:
In the instant matter, claimant's injury was in the nature of an aggravation of a pre-existing condition. The aggravation last occurred on March 13, 1975 when claimant retired from his employment. That being the case, claimant had three years from that date in which to pursue a claim under the provisions of the Act. The fact *359 that claimant did not become aware that his disability was work-related until three years after he retired would have no bearing on this fact. (See Workmen's Compensation Appeal Board v. Niemann, 24 Pa. Commonwealth Ct. 377, 356 A.2d 370 (1976).) Therefore, because claimant's Petition was not filed until April 19, 1978, a period greater than the three-year statute of limitations, claimant's Petition cannot be considered to be timely filed.
Opinion of Board at 2-3.
Our focus in this appeal is on the time limitations in the Act's notice of injury and claim petition filing provisions. Section 315 of the Act, as amended, 77 P.S. §602, provides as follows:
§602. Claims for compensation; when barred; exception
In cases of personal injury all claims for compensation shall be forever barred, . . . unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof. . . . However, in cases of injury resulting from ionizing radiation in which the nature of the injury or its relationship to the employment is not known to the employe, the time for filing a claim shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.
Section 311 of the Act, as amended, 77 P.S. §631, states in pertinent part:
§631. Knowledge of employer; notice of injury to employer; time for giving notice; exception
Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe *360 or someone in his behalf, or some dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. (Emphasis added.)
It is readily apparent that Section 315 expressly provides that only in cases resulting from ionizing radiation in which the nature of the injury is or its relationship to the employment is not known will the time for filing a claim petition be extended. The corresponding provision in Section 311 extends the notice period for cases resulting from ionizing radiation or any other cause in which the nature of the injury or its employment is not known.
It is Claimant's position here that this Court should liberally construe the provision of Section 315 to have the same effect as the provision in Section 311. While we sympathize with Claimant's predicament, we decline to read "or any other cause" into Section 315 of the Act.
The three-year period contained in Section 315 is a limitation upon the time in which claims for compensation for a work-related injury can be brought after the injury has occurred. Where a claimant becomes disabled due to a work-related injury, the time period in *361 which a claimant must file a claim petition begins with the occurrence of the injury itself. The pertinent language of the referee's crucial findings are as follows:
2. [C]laimant's last day of work for said employer was March 13, 1975.
. . . .
5. As of March 14, 1975, Claimant became totally disabled and unable to continue his employment due to the aggravation of Claimant's severe cervical and lumbar spondylosis.
The requirement of Section 315 would have been satisfied had a claim petition been filed within three years after the last aggravating injury sustained on the last day the Claimant worked, March 13, 1975.[1]See Divine Providence Hospital v. Workmen's Compensation Appeal Board (Bonner), 75 Pa. Commonwealth Ct. 565, 462 A.2d 917 (1983); Beaver Supermarket v. Workmen's *362 Compensation Appeal Board, 56 Pa. Commonwealth Ct. 505, 424 A.2d 1023 (1981). As we have noted, the claim petition was not filed until April 19, 1978.
This Court has consistently held that in the cases of total disability due to accident or injury, not including an occupational disease, the time limitations of Section 315 commence with the date of injury. In Workmen's Compensation Appeal Board v. Niemann, 24 Pa. Commonwealth Ct. 377, 356 A.2d 370 (1976), this Court rejected claimant's contention that the limitation period then contained in Section 315 began to run when claimant first learned what her injury was  a herniated disc in her neck  and not the date she sustained that injury. Similarly, in Workmen's Compensation Appeal Board v. Griffith, 28 Pa. Commonwealth Ct. 623, 627, 368 A.2d 1371, 1374 (1977), we held that Section 315 of the Act required, at that time, a claimant "to file a claim petition within sixteen months of the accident, regardless of when a compensable injury occurred." (Emphasis added.) While it is true that the injuries in both Niemann and Griffith occurred prior to the 1972 amendments to the Act, it is also true that Section 315 of the Act was not amended in the same particular as was Section 311.
Tracing the various amendments to both sections, we have found that both Section 311 and Section 315 were amended by Act No. 61 of 1972, Act of March 29, 1972, P.L. 159. On that occasion, only the first sentence of Section 311 was amended while Section 315 was amended by substituting the word "injury" for the word "accident".
Both sections were again amended by Act No. 223 of 1972, Act of October 17, 1972, P.L. 930. At this time, the last two sentences of the present language in Section 311 were added. It is this language which creates the problem we now confront. Section 315 was amended *363 by adding the last sentence of the present language which simply includes disability from occupational disease as an injury. We think it is significant that Section 315 was amended but did not include the language added to Section 311.
There have been no further amendments to Section 311 but Section 315 was again amended by Act No. 263 of 1974, Act of December 5, 1974, P.L. 782, to extend the time for filing of claims from two to three years from the date of the injury.
Inasmuch as the Legislature has twice addressed both sections simultaneously and did not choose to make the language of both sections identical and again amended Section 315 without adding the language it had used in Section 311, we are of the opinion that it is the plain language of Section 315 that must control in determining legislative intent. 1 Pa. C. S. §1921(b). It is axiomatic that where the words of the statute are clear and free from ambiguity, it is not necessary to apply presumptions in ascertaining the legislative intent. The Legislature very well may have sound reasons for distinguishing between the time when the three year limitation commences for the filing of a claim petition and the time when the twenty-one and one hundred twenty day limitations commence for the giving of notice of injury to an employer.
Inasmuch as Claimant here is not suffering from an occupational disease or an injury resulting from ionizing radiation, we are compelled to agree with the Board that Claimant's petition of April 19, 1978 was filed more than three years after Claimant sustained his injury.
Claimant argues that the Legislature did not intend the result we reach here today because the effect is that Claimant will be barred from pursuing his claim during the same period in which he had no knowledge of the existence of his injury. This, contends the Claimant, is an absurd result. Claimant urges this Court to judicially amend Section 315 by adding "or any other cause" to *364 Section 315 in the same manner as that language now appears in Section 311. This we decline to do. "[T]his Court cannot supply an apparent omission in a statute even though it appears that the omission resulted from the Legislature's mere inadvertence or failure to foresee or contemplate a case in question." Latella v. Unemployment Compensation Board of Review, 74 Pa. Commonwealth Ct. 14, 30, 459 A.2d 464, 473 (1983).
Whether Section 315 should be amended to include the omitted phrase is the province of the Legislature, not this Court.
Accordingly, we will affirm the Board's decision that Claimant is barred from receiving workmen's compensation benefits because his claim petition was not timely filed.

ORDER
The order of the Workmen's Compensation Appeal Board, at Docket No. A-83966, dated October 27, 1983, is hereby affirmed.
DISSENTING OPINION BY SENIOR JUDGE BARBIERI:
I dissent and wish to record my disagreement with the majority, because I can see no usurpation of the Legislative function in our affirming the referee's decision any more than there was in the Supreme Court's decision in Ciabattoni v. Birdsboro Steel Foundry & Machine Co., 386 Pa. 179, 125 A.2d 365 (1956), or by this Court in the case of Jones & Laughlin Steel v. Workmen's Compensation Appeal Board (Feiertag), 90 Pa. Commonwealth Ct. 567, 496 A.2d 412 (1985). In fact, in Jones & Laughlin we had occasion to consider the absurdity contention referred to by the majority while dealing with the same limitation in Section 315. The issue there was whether or not Section 315 would bar an occupation disease claim, not filed under the Occupational Disease Act, but filed under the occupational disease provisions in Section 301(c)(2) of The *365 Pennsylvania Workmen's Compensation Act, where knowledge of the disabling condition and its relationship to the claimant's employment was not known until after the limitation in Section 315 had run. In ruling that the limitation did not run until the claimant had the requisite knowledge of the existence of his claim, and relying upon the Supreme Court decision in Ciabattoni v. Birdsboro Steel Foundry & Machine Co., 386 Pa. 179, 125 A.2d 365 (1956), we stated:
In short, the employer would have us hold that, although an employee cannot give notice because he does not know he has a claim, he must, nevertheless, file for a claim that he does not know exists. In our view, such an absurd and unreasonable result simply could not have been intended by the Legislature. . . . that the time fixed for filing a claim petition for occupational disease causing disability would not begin to run until the `pertinent medical diagnosis [of occupational disease causing disability] is competently established to the knowledge of the claimant.. . .' (Emphasis in original.) (Citation omitted.)
90 Pa. Commonwealth Ct. at 578, 496 A.2d at 418.
We further stated in Jones & Laughlin Steel, applicable here, that there was no question that the discovery rule must be applied to the running of the period of Section 315 as well as the notice period of Section 311.
While it is true, of course, that we do not have here an occupational disease case such as we had in Jones & Laughlin Steel, nevertheless the illogic of a construction reached by the Board becomes just as apparent here as would be true if we had here an occupational disease. The similarity of the instant case to an occupational disease case is attested by the statement of the employer in its brief as follows:
The law is clearly established that the repetitive and recurring trauma of an employee's work activities may constitute recurring aggravation of a *366 pre-existing condition, hence, an injury within the meaning of Section 301(c)(1).
Brief for Employer, p. 5.[1] The employer also states: "The claimant has presented no evidence, nor allegations, of the appropriate conduct by the employer to excuse the untimely filing of the Claim Petition." Id. at 9. While it may be true that the employer's conduct was not the basis for claimant's delay in filing, nevertheless there has been no explanation for the circumstance that claimant was, at the insistence of the employer, carried on a disability program covered by insurance for the period from March 13, 1975 through June 1, 1976.[2] It may also be noted that the Employer has conceded that Claimant is totally disabled and that his disability is related to his employment. Claimant's claim petition was uncounseled, but attached thereto was a statement by him, later included in the record, as follows:
I was forced into retirement by Jones & Laughlin as of June 1, 1976, after being on disability since March 13, 1975.
Claimant testified further under cross-examination at a hearing on December 2, 1981, as follows:
Q. I said, 1975, that was the last day you worked. In '76 you applied for your pension?
A. Correct.
Q. Was any mention made to the company at that time that you were applying for a pension *367 because you could no longer carry out the duties of your job?
A. They decided for me. They were the deciding factor, not me.
In light of our previous interpretations of legislative enactments in Sections 311 and 315, as amended in 1972, I believe that the construction is inevitable that the limitation in Section 315 may not be imposed in a case like this one where the disability, like that in an occupational disease case, is insidious to the extent that its relationship to the employment is undisclosed and undeterminable during a period here when neither the claimant nor the employer professes any knowledge of this relationship. Accordingly, since I can find no rational basis for distinguishing the instant case from that of an occupational disease, such as the one involved in Jones & Laughlin Steel, I would reverse.[3]
NOTES
[1] The issue of whether Claimant was lulled into a false sense of security, thereby tolling the statute, was not raised by Claimant. Accordingly, we will not raise it sua sponte.

We are cognizant of the fact that our Supreme Court has held that the limitation period of Section 315 of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, as amended, 77 P.S. §1415, commences only when the claimant knows, by competent medical diagnosis, that his or her disability is caused by an occupational disease. Ciabattoni v. Birdsboro Steel Foundry & Machine Co., 386 Pa. 179, 182, 125 A.2d 365, 367 (1956). Similarly, in Jones & Laughlin Steel v. Workmen's Compensation Appeal Board (Feiertag), 90 Pa. Commonwealth Ct. 567, 579, 496 A.2d 412, 419 (1985), we held that "in cases of total disability due to an occupational disease, the three-year period in which a claimant must file a claim petition under Section 315 of the Act commences at the time when a claimant knows, or should have known through reasonable diligence, of his or her disability and that it is caused by an occupational disease."
In the case sub judice, it is undisputed that we do not have a case of total disability due to an occupational disease, but rather we have a total disability due to the aggravation of Claimant's pre-existing medical condition.
[1] See Hinkle v. H. J. Heinz Co., 462 Pa. 111, 337 A.2d 907 (1975), in which the Supreme Court altered the concept of injury to include the kind of repetitive trauma such as noises causing hearing losses which had previously been considered to be occupational disease ailments.
[2] Although Claimant was deemed disabled as of March 14, 1975, he did not give notice of that disability to the employer until April 19, 1978, the date upon which the employer received a copy of the claim petition. Section 311 of the Act, 77 P.S. §631, mandates that no compensation shall be due under the Act until such notice is given.
[3] I would distinguish the facts in this case from those present in Workmen's Compensation Appeal Board v. Niemann, 24 Pa. Commonwealth Ct. 377, 356 A.2d 370 (1976). In Niemann the referee specifically found that the employer did not lull the claimant into a false sense of security relative to her claim with the employer. Id. at 383, 356 A.2d at 373. In the instant case, the employer placed the Claimant on a disability plan which it carried with the Metropolitan Insurance Company that may very well have caused the Claimant to relax and remain on that plan and Social Security until his actual retirement in mid-1976. Due to the referee's reliance upon the discovery rule, no specific finding was made as to whether the employer's actions in this case lulled the Claimant into a false sense of security relative to his claim against the employer.

I also note that the authorities relied upon in Niemann to create the authority which the majority follows were all decided before Hinkle v. Heinz, footnote 1, and that the holding in Niemann, contrary to our conclusion here had to do with the versions of Section 310 and 315, 77 P.S., respectively, §§631 and 602, before these sections were amended by the Act of October 17, 1972, P.L. 930, which amendments created the absurdity described in the foregoing opinion.