568 A.2d 279

**James E. EDDY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (BELL TRANSIT, INC.), Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1989.

Decided Dec. 26, 1989.

Petition for Allowance of Appeal Granted May 23, 1990.

Thomas G. Eddy, Pittsburgh, for petitioner.

Dale A. Cable, with him, N.R. Zuschlag and James A. Mazzotta, Fried, Kane, Walters & Zuschlag, Pittsburgh, for respondent, Bell Transit Inc.

Before DOYLE, PALLADINO and SMITH, JJ.

DOYLE, Judge.

James E. Eddy (Claimant) appeals from a decision of the Pennsylvania Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying benefits to Claimant. We affirm the order of the Board on the basis that the Claimant's action was barred by the statute of limitations.

The Claimant drove a truck for Bell Transit, Inc. (Bell/Employer) from July or August of 1973 until November 27, 1982, when he was laid off due to a shut down of the business. During the course of his employment, the Claimant experienced some discomfort in his neck which he attributed to a "pinched nerve."

A month after the Claimant was laid off, he began driving his own truck as a means of self-employment. He continued to experience pain in his neck. On or about April 29, 1983, approximately six months after being laid off, the Claimant visited a chiropractor who told him that he had a degeneration of the cervical area of his spine. The chiropractor attributed the condition to the Claimant having driven a truck for a number of years. The Claimant then stopped driving his truck and one month later had a cervical disc fusion.

On June 16, 1983, one month after surgery, the Claimant told his former employer, Bell, that over a period of years there had been a "disintegration of the bones in his neck."

The Claimant did not file a claim at this time, however, because Bell's representative told him that since there was no accident, there would be no reason to file a claim for workmen's compensation benefits.

In May 1985, the Claimant resumed self-employment by again driving his own truck. On May 13, 1985, he hit a bump in the road, hit his head on the top of his truck, and reinjured his neck. This accident necessitated further medical treatment.

On April 8, 1986, approximately three years and five months after leaving the employ of Bell, the Claimant filed his petition for compensation.

The referee found that the Claimant did give timely notice, that Employer's conduct in advising the Claimant not to file a claim did not toll the statute of limitations, but that the claim was time barred because it was not filed within three years of the Claimant's injury. In the Claimant's case, the date of injury would have been his last day of work on November 27, 1982.[1]

The Claimant argues that in a case where an injury has not manifested itself during the course of employment, the statute of limitations does not begin to run until a claimant knows or should know the extent of his injury and that it is work related. By arguing this, the Claimant is asking this Court to reconsider an issue that was settled in *Young v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 97 Pa.Commonwealth Ct. 356, 509 A.2d 945 (1986).

In *Young* the claimant suffered a disability due to the aggravation of a preexisting medical condition, rather than an occupational disease or an injury caused by ionizing

1. When a claimant cannot pinpoint a specific day of injury the courts have found the date of injury to be the last date of claimant's employment. *Divine Providence Hospital v. Workmen's Compensation Appeal Board (Bonner)*, 75 Pa.Commonwealth Ct. 565, 462 A.2d 917 (1983); *Beaver Supermarket v. Workmen's Compensation Appeal Board*, 56 Pa.Commonwealth Ct. 505, 424 A.2d 1023 (1981).

radiation and argued that a discovery rule [2] should apply in his case. This Court addressed the time limitations of Sections 311 [3] and 315 [4] of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 631 and 602, respectively and held that a claimant may not use a discovery rule to file a petition under Section 315 within three years after discovering an injury that is not the result of occupational disease or ionizing radiation. In so holding, we observed the distinctions between Section 311 and Section 315, which distinctions we reiterate again today.

The Section 311 *notice* provision specifically allows the discovery rule to be applied:

> in cases of injury resulting from ionizing radiation *or* any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease. (Emphasis added.)

The Act also specifically provides for the use of the discovery rule under the Section 315 *filing* provisions, but only in cases of injury resulting from ionizing radiation. Conspicuous by its absence from Section 315 is the specific statutory allowance of the discovery rule in situations

---

**2.** A "Discovery Rule" in this context would allow a claimant to file a petition within three years of the time when he discovers that he is injured and that his injury is work related.

**3.** Section 311 of the Act controls the time limitations for giving notice of an injury to an employer.

**4.** Section 315 of the Act is the provision that controls time limitations for the filing of a petition for compensation. For an excellent discussion of the limitation provisions of the Act, see Torrey, *Time Limitations in the Pennsylvania Workmen's Compensation and Occupational Diseases Acts: Theoretical Doctrine and Current Applications,* 24 Duq. L.Rev. 975, 1023–1029 (1986).

where the injury or its employment relationship is not known to the employee.

We had, previous to *Young*, allowed the discovery rule to be applied in cases of total disability due to an occupational disease under Section 315 of the Act. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (Feiertag)*, 90 Pa.Commonwealth Ct. 567, 496 A.2d 412 (1985). *Jones & Laughlin* applied the rule under the Act because, *inter alia*, it achieved consistency in treatment with a claim brought under the Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §§ 1201–1601.1. The instant matter, of course, does not concern an occupational disease.

Claimant argues that this Court has applied a discovery rule in an opinion filed one day *after Young* was decided, *Universal Cyclops Corp. v. Workmen's Compensation Appeal Board (Cherry)*, 97 Pa.Commonwealth Ct. 399, 509 A.2d 956 (1986); *Young* was filed on May 20, 1986. However, with close reading it is clear that *Universal Cyclops* does not implement a discovery rule, but merely holds that in specific loss cases under Section 306(c) of the Act, 77 P.S. § 513, the date of the injury is the date when the claimant is notified by a doctor of the loss of use of the member or faculty for "all practical intents and purposes" and that the injury is job related in nature. *Universal Cyclops* is, therefore, factually and legally distinguishable from both *Young* and the case *sub judice* precisely because it is a specific loss case.

In *Universal Cyclops* the referee found that "[o]n June 12, 1981, the claimant suffered the permanent loss of use of hearing in both ears for all practical intents and purposes and such loss of use directly results from his exposure to noises during employment with defendant." *Id.*, 97 Pa. Commonwealth Ct. at 400, 509 A.2d at 957. It was the *type* of injury that was defined in *Universal Cyclops*, because until a loss of hearing progresses to the point where it is a loss for all practical intents and purposes, there is no injury at all. *Universal Cyclops* is, therefore, limited to that

circumstance, that is, to the situation where the focus of the injury is not when did the claimant discover the injury that already existed, but rather, when did the injury become an injury.

The distinction, although elusive at first, can be more readily understood by comparing *Dana Corporation v. Workmen's Compensation Appeal Board (Savage),* 75 Pa. Commonwealth Ct. 474, 462 A.2d 900 (1983), with *Martin v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.),* 111 Pa.Commonwealth Ct. 201, 533 A.2d 810 (1987). In *Dana,* two employees had progressively lost their ability to hear from working as welders over a period of thirty years. In 1971 the employer even instituted a program for testing its employees for hearing loss and the employees themselves testified that they had suffered a hearing problem for some time and had reason to believe the problem was due to the exposure to noise where they worked. Nevertheless, neither employee was ever informed that he had suffered a total hearing loss for all practical intents and purposes from his employment until he was examined by a physician in 1979, and both claimants filed claims immediately. We held that the cumulative exposure to industrial noise did not result in a Section 306(c) injury until 1979 and, accordingly, their claims were not time barred under Section 315 of the Act.

In *Martin,* on the other hand, the claimant, who had worked in the steel mill for thirty-four years, first began experiencing hearing problems in 1974 which progressively grew worse to the point where he had to purchase a hearing aid in 1976, and by 1979 when he was examined by his physician, he needed hearing aids for both ears. His physician told him then that his hearing loss was work related. Claimant nevertheless continued to work until he retired in 1983 and filed his claim petition in 1984. The referee made a specific finding that Claimant had, as a result of exposure during the course of his employment, lost the use of hearing in both ears for all practical intents and purposes on March 9, 1979, when the doctor examined him and informed him that his loss was occupationally related. The Board

affirmed the referee who determined that the claim was time barred and we affirmed, distinguishing *Dana*.

The facts in the present case clearly track the time factor in *Martin* and the law in *Young*, while *Universal Cyclops* is just as clearly within the penumbra of *Dana*.

Because the Claimant's injury, therefore, was not an injury of the type for which the discovery rule is to be applied, we affirm the Board's decision that the Claimant is barred from receiving workmen's compensation benefits because his claim petition was not timely filed.[5]

### ORDER

NOW, December 26, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

**5.** The Claimant also requests an assessment of penalties under Section 435(d) of the Act, 77 P.S. § 991, claiming that he has been denied due process of law as a result of the conduct of the referee and the Board. This motion fails as the Board found that the entire action was not timely filed. This Court notes that the referee made a finding of fact that the delay about which the Claimant complains was not unreasonable. (Referee's finding of fact number 8).