596 A.2d 1237

**William J. BERISFORD, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (JESSOP STEEL CO. et al.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 10, 1991.

Decided Aug. 20, 1991.

84

William A. Mitchell, for petitioner.

James R. Zeis, for respondent Jessop Steel Co.

Scott H. Fergus, for respondent Jessop Steel Co. and Liberty Mut. Ins. Co.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

This is an appeal by William J. Berisford (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which denied his petition for rehearing.

A review of the history of this case is necessary. Claimant filed a claim petition against Jessop Steel Company (Employer) on June 4, 1984 alleging disability from August 24, 1981 to September 8, 1981 and from July 18, 1982 forward as a result of a herniated nucleus pulposus L–4–5 he sustained in an October 14, 1966 work-related injury. The referee found that Claimant had in fact sustained a work-related injury on October 14, 1966 and was paid benefits by Employer's then insurance carrier, PMA Insurance Company (PMA), until he returned to work on August 14, 1967 with no loss in earning power.[1] The referee further found that Claimant reinjured his back while in the course of his employment on August 22, 1979 and again on January 26, 1981 and that proper notice was given to employer of the latter injury, which injury apparently occurred when claimant felt a pull in his low back while he was hooking up a chain to a crane.[2]

1. There is testimony by Claimant that he returned to light duty work in 1967. The record does not reflect whether upon his return to work Claimant's benefits were suspended or terminated. In fact, the referee found "[b]oth PMA Insurance Company and the Bureau of Workers' Compensation have destroyed the file in this matter since the time has expired when the claim of October 14, 1966 could be reopened." Finding of Fact No. 6.

2. Sometime later in 1981 Claimant suffered a heart attack and had open heart surgery in November of that year. Apparently Claimant never returned to work after that time although he testified "I believe

In response to the claim petition, PMA asserted that Claimant's disability from August 24, 1981 to September 8, 1981 and from July 18, 1982 forward was an aggravation rather than a recurrence of the 1966 injury and, hence, filed a motion to join Liberty Mutual Insurance Company (Liberty Mutual), Employer's carrier during 1981–1982.[3] The referee ultimately determined that Claimant's disability during 1981–1982 was due to an aggravation rather than a recurrence of the 1966 injury and, hence, that Liberty Mutual was the responsible carrier. He specifically concluded that Claimant's disability "arose out of an aggravation of a pre-existing condition due to an accident on January 26, 1981 which aggravated an October 14, 1966 occupational injury."[4] Accordingly, he granted benefits.

Thereafter, Liberty Mutual appealed to the Board raising, *inter alia*, a "statute of limitations" defense which had been raised during the proceedings before the referee who had made no finding on this point.[5] In a per curiam order entered on March 21, 1990, the Board reversed the referee's award on the basis that the June 4, 1984 claim petition had not been filed within three years of January 26, 1981 and, hence, was untimely under the statutory period set forth in Section 315 of The Pennsylvania Workmen's Act (Act).[6] This order was never appealed.

I could have went back to work from my heart surgery if it hadn't been for my back" (R.R. 36(a)) (See note 4). In July of 1982, Dr. Thomas Lyons performed lumbar disc surgery on Claimant's low back which Dr. Lyons stated "was in aggravation of a pre-existing condition from a work related injury in 1966." (Exhibit 8).

3. The motion, apparently not a formal one, is not in the original record, nor is the response to it. There appears to be no dispute, however, that it was filed in May of 1985, that Liberty Mutual attended its first hearing on July 9, 1985 and that it answered the motion on July 24, 1985.

4. While the injury occurred on January 26, 1981 Claimant apparently did not miss any work because of it until August 24, 1981, when he apparently had his heart attack.

5. Liberty Mutual raised the time limitation problem in its answer to PMA's petition to join it as an additional defendant, again at the first hearing it attended, and in its proposed findings and conclusions submitted to the referee.

6. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 602.

Thereafter, Claimant petitioned the Board for rehearing maintaining that the three-year time limitation in Section 315 was not applicable because Employer had lulled him into a false sense of security. He thus sought leave to present additional evidence on this point. In its opinion denying rehearing the Board observed that the three year limitation in Section 315 is actually a statute of repose and is not waivable.[7] The Board also observed that "with so many years before the Referee, ... [spanning the period from the filing of the claim petition on June 4, 1984 until he issued his final order on July 16, 1987] Claimant should have addressed this obvious fault." It thus denied the petition for rehearing and appeal to this Court from that order ensued.

On appeal Claimant contends that the Board erred in not remanding the case for a factual determination on whether he had been lulled into a false sense of security and, alternatively, that his June 4, 1984 claim petition was timely filed if the date of his final *disability* (July 18, 1982) rather than the date of his *injury* (January 26, 1981) is used to compute the three years.

■ We begin by acknowledging that the Board has broad powers to grant rehearings when justice requires. *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988). Our scope of review over the Board's decision is limited to determining whether or not it abused its discretion. *Anderson v. Workmen's Compensation Appeal Board*, 51 Pa.Commonwealth Ct. 582, 414 A.2d 774 (1980).

Section 315 of the Act pertinently provides:

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition....

7. While Claimant may have taken the view that Liberty Mutual had waived this defense, as previously noted in note 5, it had not done so.

■ In *McDevitt v. Workmen's Compensation Appeal Board (Ron Davidson Chevrolet)*, 106 Pa.Commonwealth Ct. 207, 525 A.2d 1252 (1987), *petition for allowance of appeal granted*, 518 Pa. 629, 541 A.2d 1140 (1988), *appeal dismissed as improvidently granted*, 520 Pa. 119, 552 A.2d 1048 (1989), this Court held that the limitation in Section 315 is not technically a statute of limitations but rather a statute of repose which extinguishes a claimant's rights. While fraud on the part of an employer might, nonetheless, permit a claimant relief from the three-year bar, the facts of this case do not justify such a finding. The referee scheduled seventeen hearings in this case; thirteen were held and at no time did Claimant even attempt to address the time limitation problem despite its having been repeatedly raised by Liberty Mutual. There is simply no evidence to support a finding that Claimant was lulled into a sense of complacency, let alone fraud by the insurance carrier. On these facts we do not believe the Board abused its discretion in denying Claimant's petition for rehearing.

■ As to Claimant's second argument, that the date of his disability rather than the date of his injury should control when computing the three-year limitation, we must disagree. We clearly held in *McDevitt* that for purposes of the three-year limitation in Section 315 the date of injury is controlling. *Cf. Eddy v. Workmen's Compensation Appeal Board (Bell Transit Inc.)*, 130 Pa.Commonwealth Ct. 306, 568 A.2d 279 (1989), *petition for allowance of appeal granted*, 525 Pa. 606, 575 A.2d 570 (1990) (explaining that in *specific loss* cases, "the date of injury [for Section 315 purposes] is the date when the claimant is notified by a doctor of the loss of use of the member or faculty for 'all practical intents and purposes' and that the injury is job related in nature"), *id.*, 130 Pa.Commonwealth Ct. at 310, 568 A.2d at 281 (citing *Universal Cyclops Corp. v. Workmen's Compensation Appeal Board (Cherry)*, 97 Pa.Commonwealth Ct. 399, 509 A.2d 956 (1986)).

■ In contrast to the general rule governing Section 315 cases, we note that for purposes of determining the

timeliness of giving *notice* to an employer it is the date of *disability* rather than the date of injury which controls. *See Gaff v. Workmen's Compensation Appeal Board (Babcock and Wilcox)*, 140 Pa.Commonwealth Ct. 330, 592 A.2d 827 (1991). We further note that the discovery rule applies to occupational disease type injuries even under Section 315. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (Feiertag)*, 90 Pa.Commonwealth Ct. 567, 496 A.2d 412 (1985); *Young v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 97 Pa.Commonwealth Ct. 356, 509 A.2d 945 (1986). The distinctions between Section 311 of the Act, 77 P.S. § 631 (the notice provision), and the occupational disease type of injury under Section 315 of the Act were thoroughly explained in *Eddy*. We said there:

> In *Young* the claimant suffered a disability due to the aggravation of a preexisting medical condition, rather than an occupational disease or an injury caused by ionizing radiation and argued that a discovery rule should apply in his case. This Court addressed the time limitations of Sections 311 and 315 of [the Act] ... and held that a claimant may not use a discovery rule to file a petition under Section 315 within three years after discovering an injury that is not the result of occupational disease or ionizing radiation. In so holding, we observed the distinctions between Section 311 and Section 315, which distinctions we reiterate again today.

> The Section 311 *notice* provision specifically allows the discovery rule to be applied:

> > in cases of injury resulting from ionizing radiation *or* any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term "injury" in this section means, in

cases of occupational disease, disability resulting from occupational disease. (Emphasis added.)

The Act also specifically provides for the use of the discovery rule under the Section 315 *filing* provisions, but only in cases of injury resulting from ionizing radiation. Conspicuous by its absence from Section 315 is the specific statutory allowance of the discovery rule in situations where the injury or its employment relationship is not known to the employee.

We had, previous to *Young,* allowed the discovery rule to be applied in cases of total disability due to an occupational disease under Section 315 of the Act. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (Feiertag),* 90 Pa.Commonwealth Ct. 567, 496 A.2d 412 (1985). *Jones & Laughlin* applied the rule under the Act because, *inter alia,* it achieved consistency in treatment with a claim brought under the Pennsylvania Occupational Disease Act, Act of June 1, 1939, P.L. 566, *as amended,* 77 P.S. §§ 1201–1601.1. The instant matter, of course, does not concern an occupational disease.

*Id.,* 130 Pa.Commonwealth Ct. at 308–10, 568 A.2d at 281 (footnotes omitted and emphasis in original).[8]

Returning now to the instant case, having determined that the date of injury controls the time for filing suit here, it is an uncomplicated matter of calculation to determine that June 4, 1984 is more than three years after January 26, 1981 and, hence, that Claimant's petition is time barred. Accordingly, the Board committed no abuse of discretion which would warrant reversal.

Affirmed.

## ORDER

NOW, August 20, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

**8.** For an excellent discussion of the time limitations under the Act, *see* Torrey, *Time Limitations in the Pennsylvania Workmen's Compensation and Occupational Diseases Act: Theoretical Doctrine and Current Applications,* 24 Duq.L.Rev. 975 (1986).