629 A.2d 184

**BOEING HELICOPTER COMPANY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (McCANNEY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 1993.

Decided July 12, 1993.

Reargument Denied Sept. 9, 1993.

---

Andrew E. Greenberg, for petitioner.

Arthur G. Girton, for respondent.

William J. McKim, for amicus curiae.

Before PALLADINO and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Boeing Helicopter Company (Employer) appeals from the March 23, 1992 order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision awarding Joseph L. McCanney (Claimant) benefits for a work-related bilateral loss of hearing pursuant to Section 306(c)(8) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(8). The issues raised on appeal are whether Claimant gave Employer timely notice of his work-related hearing loss pursuant to Section 311 of the Act, 77 P.S. § 631, and whether Claimant's claim petition is time-barred by the three-year statute of limitations or statute of repose set forth in Section 315 of the Act, 77 P.S. § 602.[1]

Claimant has been employed by Employer since 1951 and worked as a riveter and assembler in the sheet metal assembly department from 1954 until 1976 and thereafter in the research and development department. On August 17, 1989, Claimant filed a claim petition alleging that he suffered a loss of hearing in both ears for all practical intents and purposes due to his exposure to noise at work. Based upon the evidence submitted by the parties, including the deposition testimony of Claimant, his physician, Dr. Seth Zwillenberg, a board-certified otolaryngologist, and Employer's medical witness, Dr. Herbert Kean, a board-certified otolaryngologist, the referee made the following findings.

During the course of employment, Claimant was exposed to constant high-decibel noise from power tools, machinery and testing equipment. Since 1988, however, his exposure to high levels of noise was less frequent. Claimant recognized a loss of hearing to the extent that he was unable to hear his wife and daughter, the telephone and television, and ordinary

1. A group of industrial manufacturers filed an amicus curiae brief and argued before this Court in support of Employer's position in this appeal.

conversations. He experienced tinnitus and used hearing aids for both ears, the first aid having been purchased in 1983 and the other in 1987. The referee accepted as credible Dr. Zwillenberg's testimony and the non-medical evidence presented by Claimant, and found that he suffered a bilateral hearing loss for all practical intents and purposes. The referee further found that Claimant gave Employer proper notice within days of his knowledge from Dr. Zwillenberg's June 7, 1989 report that he suffered bilateral hearing loss for all practical intents and purposes. The referee awarded Claimant specific loss benefits beginning June 7, 1989.

On appeal, the Board concluded that there was substantial evidence to support the referee's finding that Claimant suffered a loss of hearing for all practical intents and purposes, but vacated the referee's order and remanded for findings as to the date of the injury, the date when Claimant knew or should have known of his hearing loss for all practical intents and purposes, the date the claim petition was filed, and whether Claimant met the 120–day notice requirement or whether his claim is time-barred by the three-year statute of limitations.

On remand, the referee found that Claimant consulted Dr. Zwillenberg for medical evaluation and testing when his hearing difficulties became particularly noticeable in 1989; Claimant gave Employer notice of the injury within days of his knowledge of the extent and nature of his hearing loss from Dr. Zwillenberg's June 7, 1989 report; and Claimant's hearing loss manifested itself as an injury on June 7, 1989. Concluding that Claimant complied with the notice requirement and the three-year limitations period, the referee again awarded Claimant specific loss benefits beginning June 7, 1989. On appeal, the Board affirmed the referee's decision and Employer appealed to this Court.[2]

2. This Court's scope of review in a worker's compensation case where, as here, both parties presented evidence, is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal*

On appeal, Employer challenges the referee's finding that Claimant's hearing loss manifested itself as an injury on June 7, 1989 and further contends that since the record establishes that Claimant knew or should have known of his hearing loss as early as 1983 or at the latest in 1987, his notice failed to comply with Section 311 of the Act and the claim petition filed on August 17, 1989 is therefore time-barred by the three-year statute of limitations. Under Section 311, unless an employer has knowledge of the occurrence of an injury, a claimant is required to give notice of the injury to the employer within 120 days after the occurrence of the injury.

 Section 311 of the Act further sets forth the discovery rule as follows:

However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

Whether a claimant has complied with the Section 311 notice requirement is a question of fact to be determined by the referee. *Travelers Ins. Co. v. Workmen's Compensation Appeal Board (Levine)*, 68 Pa.Commonwealth Ct. 24, 447 A.2d 1116 (1982).

 On the other hand, Section 315 is a statute of repose which extinguishes a claimant's right to compensation created by the Act unless a claim is filed within three years from the date of injury. *Berisford v. Workmen's Compensation Appeal Board (Jessop Steel Co.)*, 142 Pa.Commonwealth Ct. 83, 596 A.2d 1237 (1991). Section 315 also provides a discovery rule as follows:

However, in cases of injury resulting from ionizing radiation in which the nature of the injury or its relationship to the employment is not known to the employe, the time for filing

*Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

a claim shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

While the discovery rule under Section 311 may extend the 120–day notice period whenever the nature of the injury or its relationship to the employment is not known to the employee, application of the discovery rule under Section 315 has been interpreted to apply only to injury resulting from ionizing radiation or occupational diseases. *See Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board (Feiertag),* 90 Pa.Commonwealth Ct. 567, 496 A.2d 412 (1985).

■ Therefore, for purposes of determining whether a non-occupational disease claim such as complete hearing loss is time-barred under Section 315,[3] the three-year limitations period begins to run from the date of injury regardless of the claimant's actual or constructive knowledge of the injury. *Young v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.),* 97 Pa.Commonwealth Ct. 356, 509 A.2d 945 (1986). Hence, in the matter sub judice, to resolve the issue of whether Claimant complied with Sections 311 and 315, the date of the injury must initially be determined.

■ A claimant suffers a complete loss of hearing under Section 306(c)(8) of the Act when the loss is complete for all practical intents and purposes. *Workmen's Compensation Appeal Board v. Hartlieb,* 465 Pa. 249, 348 A.2d 746 (1975). A determination of whether a claimant has suffered a hearing loss for all practical intents and purposes is a question of fact. *Hill v. Workmen's Compensation Appeal Board (Latrobe Steel Corp.),* 117 Pa.Commonwealth Ct. 251, 543 A.2d 232 (1988), *appeal denied,* 522 Pa. 598, 562 A.2d 322 (1989). A complete loss of hearing occurs when an individual is unable to

3. Section 306(c) of the Act includes complete hearing loss in the schedule of compensation for loss of a specific bodily function; *see also Iervolino v. Workmen's Compensation Appeal Board (Union Switch & Signal),* 120 Pa.Commonwealth Ct. 193, 548 A.2d 384 (1988) (to qualify for specific loss benefits, evidence must show hearing loss for all practical intents and purposes).

function in usual social, work and familial settings. *Id.* Unless a hearing loss progresses to that point, there is no compensable injury. *Eddy v. Workmen's Compensation Appeal Board (Bell Transit, Inc.),* 130 Pa.Commonwealth Ct. 306, 568 A.2d 279 (1989), *appeal granted,* 525 Pa. 606, 575 A.2d 570 (1990).

 Due to the progressive nature of hearing loss from cumulative exposure to noise, it is difficult to isolate the precise moment when a claimant suffers a complete hearing loss for all practical intents and purposes. *Dana Corp. v. Workmen's Compensation Appeal Board (Savage),* 75 Pa.Commonwealth Ct. 474, 462 A.2d 900 (1983). To find a compensable hearing loss, there must be evidence showing that the gradual diminution of the work-related hearing loss reached that defined moment. *Cyclops Corp. v. Workmen's Compensation Appeal Board (Sray),* 116 Pa.Commonwealth Ct. 421, 541 A.2d 851 (1988). Hence, this Court has held that for the purposes of Sections 311 and 315, a hearing loss becomes compensable when a claimant is advised by a doctor that he or she has suffered a complete loss of hearing for all practical intents and purposes and that the loss is work-related. *Cyclops; Universal Cyclops Corp. v. Workmen's Compensation Appeal Board (Cherry),* 97 Pa.Commonwealth Ct. 399, 509 A.2d 956 (1986).

 Here, Claimant testified that Employer never gave him the results of its annual hearing tests conducted since 1980; he informed his supervisor that he must see a doctor because of the worsening condition of his hearing, and a week later on June 7, 1989, consulted Dr. Zwillenberg for evaluation of his hearing problems; and he learned for the first time from Dr. Zwillenberg's medical report that he suffered a work-related hearing loss for all practical intents and purposes and gave the report to Employer's head nurse in June 1989.

Dr. Zwillenberg testified he determined that Claimant suffered an occupational noise-induced hearing loss and opined that Claimant lost his hearing for all practical intents and purposes. Thus, the referee's finding that Claimant's hearing

loss manifested itself as a compensable injury on June 7, 1989, the date of Dr. Zwillenberg's examination and report, is supported by substantial evidence and may not be disturbed on appeal. *Kovalchick Salvage Co. v. Workmen's Compensation Appeal Board (Williams)*, 102 Pa.Commonwealth Ct. 562, 519 A.2d 543 (1986). Since the 120–day notice and three-year limitations periods began to run from that date, Claimant complied with the provisions of both Sections 311 and 315.

Employer argues that Claimant suffered a work-related hearing loss in 1983 because Dr. Zwillenberg stated during cross-examination that based upon the results of audiograms, it was safe to assume that by 1983 Claimant's hearing loss had already advanced to the point that he suffered the loss for all practical intents and purposes. The Board stated, however, that the doctor merely agreed with counsel for Employer that if in fact Claimant could not hear as of that date, then the loss was complete. The doctor did not testify that Claimant could not hear as of that date. Nonetheless, the deciding factor in determining the date of injury for purposes of Sections 311 and 315 is when the claimant was advised by a doctor of a complete hearing loss for all practical intents and purposes, and not when the complete hearing loss might have occurred. *Universal Cyclops.* After reviewing all of the evidence, the referee found credible Claimant's testimony that his hearing loss was progressive during the course of his employment and became especially noticeable to him in 1989.

Employer further contends that the claim petition should be dismissed because the record shows that Claimant knew or should have known of his complete hearing loss for all practical intents and purposes in 1983 or in 1987 at the latest. Employer relies, inter alia, upon evidence that Claimant indicated during Employer's 1976 physical examination that he was aware of "some hearing loss in both ears" after his consultation with Dr. Brennan; experienced "buzzing" and "ringing" in his ears; indicated on the occupational health examination form that he was handicapped due to 45% hearing loss, and purchased his first hearing aid in 1983; had difficulty hearing while watching movies and television by 1985; pur-

chased an amplifier for his telephone in 1986; and purchased a hearing aid for the other ear and sought legal advise concerning a possible claim for worker's compensation benefits in 1987.

In *Cyclops*, the employer argued that notice of the injury was untimely because the claimant knew or should have known of his injury well before the doctor's examination. In upholding the referee's finding of the date of injury, this Court noted that it would be too speculative to hold that the claimant was aware of a significant, work-related hearing loss. Similarly, in *Dana*, this Court rejected the employer's argument that the claimant knew or should have known of the hearing loss well before the doctor's examination because the employer conducted annual hearing tests upon the claimant and because the claimant testified that he had a hearing problem for some time and had reason to believe the problem was due to exposure to noise at work.[4]

▮▮▮▮▮ As in *Cyclops* and *Dana*, the events which Employer relies upon here merely demonstrate that Claimant had suspicion or reason to believe he had suffered a work-related hearing loss. Mere knowledge or suspicion of a significant hearing loss and a possible causal relationship with employment, however, is not sufficient evidence of a compensable hearing loss. *Sun Oil Co. v. Workmen's Compensation Appeal Board (Davis)*, 144 Pa.Commonwealth Ct. 51, 600 A.2d 684 (1991). *See also LTV Steel Co. v. Workmen's Compensation Appeal Board (Verez)*, 153 Pa.Commonwealth Ct. 470, 621

---

**4.** Amicus curiae argue that this Court is judicially extending the discovery rule under Section 315 to the hearing loss cases by holding that a claimant suffers a compensable injury when a claimant is made aware of a compensable hearing loss by the first medical confirmation. As explained in *Eddy*, this holding is based upon the type of injury, i.e., unless a hearing loss progresses to the point where it is a loss for all practical intents and purposes, there is no injury at all. Thus, the test for determining the date of injury in hearing loss cases does not implement the discovery rule.

Also, Employer contends that this Court's interpretation of the law is unfair to employers since a potential claimant may delay a medical examination to increase the compensation rate even after retirement. It is unnecessary, however, to address this contention because no such circumstances exist in this matter.

A.2d 1146 (1993) (the doctor's advice in 1985 that the claimant was experiencing work-related bilateral sensorineural hearing loss was not sufficient to support a "complete" hearing loss and the three-year limitations period began to run from the date when the claimant was informed by his doctor in 1990 of a complete hearing loss for all practical intents and purposes).[5]

Since the referee's findings are supported by substantial evidence, the order of the Board is affirmed.

## ORDER

AND NOW, this 12th day of July, 1993, the order of the Workmen's Compensation Appeal Board is affirmed.

**5.** The referee alternatively found that Employer waived the notice requirement due to its failure to inform Claimant of the results of its annual hearing tests. Under Section 311, where the employer had knowledge of the occurrence of an injury, a notice by the claimant is not necessary. *City of Erie v. Workmen's Compensation Appeal Board (Shannon)*, 147 Pa.Commonwealth Ct. 210, 607 A.2d 327, *appeal granted*, 531 Pa. 658, 613 A.2d 563 (1992). Thus, if Claimant's statement indicating his hearing difficulties during Employer's annual hearing tests can be a basis for a finding of noncompliance with the notice requirement as Employer contends, such evidence would also support a finding that Employer waived the notice requirement due to its knowledge of Claimant's hearing loss.