632 A.2d 873

**James E. EDDY, Appellant,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (BELL TRANSIT, INC.), Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 24, 1991.

Decided Nov. 19, 1993.

Reargument Denied Jan. 11, 1994.

Thomas G. Eddy, Pittsburgh, for appellant.

Dale R. Cable and Noble R. Zuschlag, Fried, Kane, Walters & Zuschlag, Pittsburgh, for Bell Transit, Inc.

Norman R. Haigh, Secretary and George F. Pott, Com'r, Harrisburg, for W.C.A.B.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## *ORDER*

PER CURIAM.

The order of the Commonwealth Court is affirmed.

McDERMOTT, Former Justice, and LARSEN, J., did not participate in the decision of this case.

PAPADAKOS, J., files a dissenting opinion in which NIX, C.J., joins.

PAPADAKOS, Justice, dissenting.

I am compelled to dissent to the per curiam order entered by my colleagues in that I view the opinion and order of the Commonwealth Court as illogical and contradictory to its own precedents.

Appellant, James E. Eddy, appeals from a decision of the Commonwealth Court affirming the Workmen's Compensation Appeal Board which, in turn, affirmed a referee's decision denying benefits to Mr. Eddy on the grounds that his claim was barred by the statute of limitations. For the reasons set forth below, I would reverse. The facts are as follows. Mr. Eddy drove a truck for Appellee, Bell Transit, Inc., for about eight and one-half years until he was laid off on November 27, 1982, when the business was closed. Appellant had pain and discomfort in his neck during that period, and the pain contin-

ued thereafter, while he was self-employed driving a truck. He saw a chiropractor on April 29, 1983, and was told that he had a degeneration of the cervical area of the spine which was due to his work as a truck driver for a number of years. Appellant had surgery (a cervical fusion) and on June 16, 1983, told his former employer (Appellee) about the condition. According to Appellant, whose testimony was not rebutted, the employer told him that there was no reason to file a workmen's compensation claim because he had not suffered an accident.

On May 13, 1985, after Appellant had resumed driving his own truck, a bump on the head re-injured his neck. On April 8, 1986, approximately three years and 5 months after leaving Appellee's employ, Mr. Eddy filed a compensation petition. A referee found that the employer's conduct had not tolled the statute of limitations and that the petition was not timely filed. The date of injury, according to the referee, was November 27, 1982, Appellant Eddy's last day of work with Appellee. Thus the filing on April 8, 1986, was made beyond the three-year limitation period required by Section 315 of the Workmen's Compensation Act, 77 P.S. § 602. The referee rejected the contention that the statute did not begin to run until Appellant was told the nature of his injury and that it was work-related, which was on April 29, 1983.

In affirming, the Commonwealth Court relied on their decisions that hold that claimants may not apply a "discovery" rule to the *filing of petitions* for injuries other than occupational diseases or ionizing radiation diseases.

The Commonwealth Court noted that Section 311 of the Workmen's Compensation Act, 77 P.S. § 631, which governs the period for giving *notice to the employer*, provides in part:

in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is now known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible

relationship to his employment. The term "injury" in this section means, in cases of occupational disease, disability resulting from occupational disease.

Section 315, 77 P.S. § 602, the statute of limitations section, does not include comparable language, and expressly provides that only in cases of injuries arising from ionizing radiation is a discovery rule applicable to filings:

> In cases of personal injury, all claims for compensation shall be forever barred ... unless within three years after the injury, one of the parties shall have filed a petition. ... However, in cases of injury resulting from ionizing radiation in which the nature of the injury or its relationship to the employment is not known to the employe, the time for filing a claim shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

The Commonwealth Court in the instant case concluded that the issue presented here had been settled by their decision in *Young v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 97 Pa.Commonwealth Ct. 356, 509 A.2d 945 (1986). There, the claimant had suffered from work-related aggravation of severe cervical and lumbar spondylosis, but did not learn from his physician that the injury was work-related until more than three years after his last day of work for his employer. *Id.* at 358, 509 A.2d at 946. (As in this case, the last day of aggravation of the condition was the last day of work, and that was deemed to be the date of injury.) The *Young* court looked at Sections 311 and 315, but declined to read into Section 315 the words "or any other cause" that in Section 311 applied a "discovery" rule to notice regarding any injury. The court opined that the legislature, having amended the statutory language several times, could not be presumed to have intended to make the language identical, since it had left them dissimilar. (*Id.* at 362–63, 509 A.2d at 948).

The Commonwealth Court distinguished *Universal Cyclops Corp. v. Workmen's Compensation Appeal Board (Cherry)*, 97

Pa.Commonwealth Ct. 399, 509 A.2d 956 (1986). In that hearing loss case, the court held that a claimant had not suffered a specific loss until his physician had told him that he had lost his hearing for all practical intents and purposes and that the injury was job-related. The Commonwealth Court concluded that *Universal Cyclops* only applied to the question of when an injury became an injury, not to the question of when a claimant discovered an existing injury. On this important question, I am more persuaded by the dissent filed in *Young, supra.*

In his *Young* dissent, Senior Judge Barbieri, a recognized expert and author in the field of worker's compensation, argued that the majority's interpretation of Section 315, which ruled out the application of a discovery rule there, resulted in an absurdity: claimants are not required under Section 311 to give notice to their employers of injuries that they have not discovered, but are required within three years to file petitions for compensation for injuries that they do not know exist. *Young,* 97 Pa.Commonwealth Ct. at 365, 509 A.2d at 949 (Barbieri, J. dissenting).

Judge Barbieri also made specific reference to this Court's language in *Ciabattoni v. Birdsboro Steel Foundry & Machine Co.,* 386 Pa. 179, 125 A.2d 365 (1956). In *Ciabattoni,* we held that the limitation period of the Occupational Disease Act then in force, 77 P.S. § 1415, commenced when a claimant knew by competent medical diagnosis that a disability was caused by an occupational disease. Following *Ciabattoni,* the Commonwealth Court extended the rule and held that in occupational disease claims under the workmen's compensation statute, the three year filing period under Section 315 of that law would begin *when that claimant knew or should have known of the disability and that it was an occupational disease. Jones & Laughlin Steel Co. v. Workmen's Compensation Appeal Board (Feiertag),* 90 Pa.Commonwealth Ct. 567, 496 A.2d 412 (1985).

We have recently also extended this rule to hold that discovery of an occupational disease resulting in *total* disability under the Workmen's Compensation Act first occurs usual-

ly when a competent medical diagnosis is made known to the claimant. *Price v. Workmen's Compensation Appeal Board*, 533 Pa. 500, 626 A.2d 114 (1993).

The "illogic of a construction" that would read a discovery rule into the statute of limitation section for one type of injury (occupational disease) but not for another is obvious. This absurdity is especially—though not exclusively—present in a case such as Appellant's, where the injury consists of repetitive trauma such that the date of injury is deemed to be the last date the claimant worked.

In *Ciabattoni*, this Court did not hesitate to hold that for an occupational disease (which is "latent and insidious" and where "the resultant disability is often difficult to determine," 386 Pa. at 184, 125 A.2d at 368), the statute of limitations period did not begin to run until the point in time where "the employee *knew* that he was totally disabled from the occupational disease." 386 Pa. at 185, 125 A.2d at 369 (emphasis in original). See also, *Price, supra.* We imposed, as a matter of decency and common sense, a discovery rule where the relevant statute of limitations was silent. It is true that we distinguished an accident or injury under the Workmen's Compensation Act from an occupational disease by quoting Corpus Juris as follows:

An occupational disease is not an injury by accident, and an injury by accident is not an occupational disease; an accident is distinguished from an occupational disease in that the former rises from a definite event, the time and place of which can be fixed while the latter develops gradually over a long period of time. 71 C.J. 600, Sec. 357.

386 Pa. at 184, 125 A.2d at 368.

Matters are not that simple anymore, however. Under Workmen's Compensation, for injuries involving repetitive trauma such that the date of injury is deemed, artificially, to be the last date the claimant worked, as here, equity and justice, as well as legislative intent, demand that as to the relevant statute of limitations, the discovery rule applies which was adopted in *Ciabattoni* and reaffirmed in *Price*. Appel-

lant, while aware of the symptoms, did not discover the injury itself until April 29, 1983, when he was told that his injury was degeneration of the cervical area of the spine and that such injury was work related.

Appellant also claims that he is entitled to the assessment of a penalty against the employer herein for unreasonably delaying these proceedings. I can find no evidence of such unreasonable delay, however, in the record, and therefore find that this argument must be rejected.

Accordingly, I would reverse the opinion and order of the Commonwealth Court.